THORNAL, Justice.
By petition for certiorari we are requested to review an order of the Florida Unemployment Compensation Board of Review.
We must dispose of this matter on jurisdictional grounds without reaching the merits.
The Board of Review, created by Chapter 443, Florida Statutes, F.S.A., entered an unemployment compensation order unsatisfactory to the petitioning employee Fischesser. He thereupon filed a petition for writ of certiorari in the Court of Appeal, Third District. That Court by order entered sua sponte transferred the matter to the Supreme Court. We now have for consideration the question of our jurisdiction to consider the petition and the questions presfented thereby. Respondent Florida Industrial Commission has moved to transfer the cause back to the Court of Appeal.
The motion to transfer is granted. Ordinarily, this would have been done without further comment. However, the jurisdictional aspects of the problem are not readily apparent on the face, of the record. We therefore deem it advisable to state briefly our reasons in order to avoid any impression that we are treating the cause as a sort of shuttlecock in a game of judicial badminton.
We should recall that we here deal with an order of the Board of Review authorized by Section 443.11(2), Florida Statutes, F.S.A. While this Board operates within the Florida Industrial Commission the order submitted for review is not an order of the Florida Industrial Commission. It is strictly an order of the Board of Review, a separate agency, composed of the Chairman of the Industrial Commission *788 and two others not members of that Commission.
Article V, Section 26(10), Florida Constitution, F.S.A., provides: “Until otherwise provided by the legislature, orders of the Florida Industrial Commission shall be subject to review only by petition to the district courts of appeal for a writ of cer-tiorari.”
In accord with this provision the Legislature enacted Chapter 59-142, Laws of Florida 1959, F.S.A. § 440.27, by which jurisdiction to review workmen’s compensation orders of the Florida Industrial Commission was transferred to the Supreme Court. This statute, however, did not affect any other orders of the Industrial Commission. It was limited entirely to workmen’s compensation. Consequently, the fact that we are now authorized to review workmen’s compensation orders does not ipso facto give us the power to review other types of orders of the Industrial Commission.
It will also be noted from the last quoted constitutional provision that the Legislature is authorized to provide for review of “orders of the Florida Industrial Commission.” This does not include, in our view, some subsidiary agency even though such agency might be involved in the functioning of the Industrial Commission. To be subject to this provision the order must be one entered by the Florida Industrial Commission itself. As we have seen, the Board of Review is not the Florida Industrial Commission.
Article V, Section 5(3), Florida Constitution, provides in part:
“The district courts of appeal shall have such powers of direct review of administrative, acts as may be provided by law.”
In accord with this provision, the Legislature adopted Chapter 57-268, Florida Statutes 1957, which is now cited as Section 443.07(4) (e). This section reads as follows :
“(e) Judicial review. — Orders of the board of review entered pursuant to paragraph (c) of this subsection shall be subject to review only by petition for writ of certiorari to the district court of appeal in the appellate district in which the issues involved were decided by an appeals referee and the Florida industrial commission shall be made a party respondent to every such proceeding.”
It is perfectly clear that the Legislature acting pursuant to the Constitution has provided for review of orders of the type now under consideration by the Court of Appeal of the appellate district in which the issues were decided by the appeals referee. Such decisions by the Board of Review in unemployment compensation cases constitutes administrative action which can be subjected to review in courts of appeal when so provided by law.
As pointed out above, the motion to transfer is granted. The petition for certiorari and all papers in the cause shall within five days from the date of entry of this order be transferred to the District Court of Appeal, Third District, for consideration and ultimate disposition by that Court.
It is so ordered.
THOMAS, C. J., and TERRELL, HOB-SON and O’CONNELL, JJ., concur.