633 So.2d 1157 (1994)
Alan W. EGNER, Petitioner,
v.
UNEMPLOYMENT APPEALS COMMISSION and Rick Gettig Heating & Air Conditioning, Inc., Respondents.
No. 94-527.
District Court of Appeal of Florida, First District.
March 21, 1994.
*1158 Stephanie A. Isaacs, Gulf Coast Legal Services, Inc., for petitioner.
Geri Atkinson-Hazelton, Asst. Gen. Counsel, for respondent FL Unemployment Appeals Com'n.

ORDER OF TRANSFER
PER CURIAM.
Alan W. Egner's claim for unemployment benefits was controverted by the employer. A hearing was noticed but only Egner appeared and gave evidence. The appeals referee ruled in Egner's favor. The employer appealed to the Florida Unemployment Appeals Commission which vacated the decision of the appeals referee and remanded for a new hearing. Egner has timely petitioned for review of that order in accordance with section 120.68(1), Florida Statutes, which provides for interlocutory review "if review of the final agency decision would not provide an adequate remedy."
On its own motion, this court has determined it is not the proper forum to consider this petition. The appeals referee rendered his decision in St. Petersburg, located within the territorial jurisdiction of the Florida District Court of Appeal, Second District. See §§ 26.021(6) and 35.03, Fla. Stat. (1993). Further, section 443.151(4)(e) provides that final orders of the Unemployment Appeals Commission "shall be subject to review only by notice of appeal in the district court of appeal in the appellate district in which the issues involved were decided by an appeals referee... ." This specific statutory provision clearly controls over section 120.68(2) which permits review in the appellate district where the agency maintains its headquarters or where a party resides. Thus, appellate review of any final order which might ultimately emanate from Mr. Egner's claim would clearly go to the Second District. We find that the statutory remedy of appellate review of non-final administrative orders, just as the power to exercise extraordinary writ jurisdiction, is properly predicated on appellate review and supervisory power. Cf. Florida Dep't of Community Affairs v. Escambia County, 582 So.2d 1237 (Fla. 1st DCA 1991).
For the above reasons, we conclude that the District Court of Appeal, Second District, is the appropriate forum to consider this petition and, in accordance with Florida Rule of Appellate Procedure 9.040(b), this cause is hereby transferred to that court.
ZEHMER, C.J., and JOANOS and WEBSTER, JJ., concur.