PER CURIAM.
Melissa Nolet petitions this court for a writ of prohibition, contending that her prosecution on certain criminal charges is barred by operation of the speedy trial rule. Because we find that the issue is not one which is appropriately addressed in a prohibition petition, we deny the petition without prejudice.
A one-count information was filed on August 31, 2005, charging petitioner with a felony. On October 27, 2005, the defendant signed a notice for case management conference which included language that “agreement to the trial date above may constitute a waiver of speedy trial.” The document itself, however, has no entry on the line reserved for the trial date. The information was amended and the defense filed a notice of expiration of speedy trial time and moved for a discharge. After a timely hearing under Florida Rule of Criminal Procedure 3.191(p)(3) on December 12, 2005, the request for discharge was denied and the case was set for trial.
Although petitioner makes several arguments, it is apparent to this court that the *1215 trial court denied relief because it found that petitioner waived her speedy trial rights when the October 27, 2005, notice was signed by Nolet. Petitioner contends there was no effective waiver. We conclude that the validity of the waiver is a controlling question of disputed fact and therefore, under the rationale of McKinney v. Yawn, 625 So.2d 885 (Fla. 1st DCA 1993), petitioner’s claim cannot be addressed in this prohibition proceeding:
It is evident that this prohibition proceeding is only appropriate to review the legal sufficiency of the order denying discharge; it is not an appropriate proceeding for determining disputed issues of fact or to review the sufficiency of the evidence to support the trial court’s findings on which the order denying discharge is based.
Id. at 886. Our conclusion regarding the inappropriateness of the prohibition remedy is reinforced by petitioner’s inability to obtain a transcript of the December 12, 2005, hearing until several weeks after the petition was filed with this court and the trial was scheduled to commence.
The petition for writ of prohibition is denied in accordance with McKinney v. Yawn. This disposition, of course, is without prejudice to petitioner’s right to raise the speedy trial issue on appeal if she is convicted and an appeal is taken for review of the judgment and sentence.
PETITION DENIED.
ALLEN and VAN NORTWICK, JJ., concur.
BENTON, J., dissents with opinion.