KLEIN, J.
Defendant seeks a writ of prohibition to prevent her prosecution for making a false statement in obtaining a false driver’s license and for possession of an illegal driver’s license. She argues that the statute of limitations has run and that the trial court should have granted her motion to dismiss. Prohibition is a proper remedy for a defendant challenging a prosecution barred by a statute of limitations period. Lett v. State, 837 So.2d 614 (Fla. 4th DCA 2003). The limitation period on these third degree felonies is three years after the offense is committed, section 775.15(2)(b), Florida Statutes (2001), and the information which commenced prosecution was filed beyond the limitation period. Where fraud is a material element of an offense, however, the prosecution may be commenced within one year after discovery of the offense by an aggrieved party. § 775.15(12)(a), Fla. Stat.
In this case, in which fraud is a material element, the state alleged in the information that the prosecutor discovered the fraud about nine months before the three year limitation period had run.
Defendant argued in the trial court that if the state discovers the fraud before the period of limitations has run, the fraud extension is not applicable, and accordingly in this case, because the crime was discovered nine months before the three year period had run, the prosecution is barred.
The fact that limitation periods are construed liberally in favor of defendants, State v. King, 275 So.2d 274 (Fla. 3d DCA 1973), is of no assistance to the defendant in this case, because the statute is clear:
If the period prescribed in subsection (2) has expired, a prosecution may nevertheless be commenced for: (a) Any-offense a material element of which, is either fraud or breach of fiduciary obligation, within one year after discovery of the offense by an aggrieved party.
§ 775.15(3), Fla. Stat. (2001). Accordingly, the state was not required to commence prosecution within three years of the offense being committed. The petition for writ of prohibition is denied on the merits.
POLEN and MAY, JJ., concur.