PER CURIAM.
 

 Jimmy Hair petitioned this court for a writ of prohibition, contending that he is immune from prosecution on charges of first-degree murder under section 776.032(1), Florida Statutes (2007). We previously granted the petition by unpub
 
 *805
 
 lished order and ordered Hair’s release. Our reasons for doing so are set forth herein.
 

 FACTS
 

 An evidentiary hearing was held on defense counsel’s motion to dismiss the indictment. Hair and Rony Germinal visited a nightclub on the evening of July 20, 2007. Germinal and Charles Harper exchanged harsh words in the club. In the early morning hours of July 21, after the club closed, Germinal was driving a vehicle and Hair was in the passenger seat as they departed the area. Harper was in the immediate vicinity and the men spoke to each other. Harper came over to the car and entered it but was pulled away by Frye, his friend. Harper, however, escaped Frye’s grasp and reentered the vehicle on the driver’s side. Hair, who held a permit to carry a concealed weapon, had a handgun on his seat. Hair and Harper “tussled” within the interior of the vehicle. Frye tried to pull Harper from the vehicle again but Harper was shot and killed by Hair. According to Hair, he was attempting to strike Harper with the handgun when it discharged.
 

 After considering this evidence, the circuit court denied the motion to dismiss. It reasoned that the statutory immunity was inapposite where the defendant was attempting to use the weapon as a club and it accidentally discharged. The court also found that there were disputed issues of fact which precluded granting of pretrial immunity.
 

 ANALYSIS
 

 In
 
 Peterson v. State,
 
 983 So.2d 27 (Fla. 1st DCA 2008), this court addressed Florida’s “Stand Your Ground” law, enacted by the Florida Legislature in 2005 and codified at sections 776.013 through 776.032, Florida Statutes. Section 776.032(1) states that a person using force as permitted in section 776.013, with certain exceptions not applicable here, is immune from criminal prosecution and civil action. Section 776.013(1) provides:
 

 (1) A person is presumed to have held a reasonable fear of imminent peril of death or great bodily harm to himself or herself or another when using defensive force that is intended or likely to cause death or great bodily harm to another if:
 

 (a) The person against whom the defensive force was used was in the process of unlawfully and forcefully entering, or had unlawfully and forcibly entered, a dwelling, a residence, or occupied vehicle, or if that person had removed or was attempting to remove another against that person’s will from the dwelling, residence, or occupied vehicle; and
 

 (b) The person who uses defensive force knew or had reason to believe that an unlawful and forcible entry or unlawful and forcible act was occurring or had occurred.
 

 The “Stand Your Ground” statutory immunity claim is resolved by the circuit court after a pretrial evidentiary hearing. The defendant bears the burden to prove entitlement to the immunity by a preponderance of the evidence.
 
 Peterson v. State,
 
 983 So.2d at 29. Our review of the circuit court’s ruling is governed by the same standard which applies in an appeal from an order denying a motion to suppress. That is, the court’s findings of fact must be supported by competent substantial evidence. Conclusions of law, however, are subject to
 
 de novo
 
 review.
 
 Hines v. State,
 
 737 So.2d 1182 (Fla. 1st DCA 1999).
 

 The material facts of this case are not in dispute. Harper, the victim, had unlawfully and forcibly entered a vehicle occupied by Germinal, Hair, and a third
 
 *806
 
 person in the back seat. While Harper may have been exiting the vehicle at the time of the shooting, the action was involuntary if it occurred at all. The physical evidence was clear that Harper was still inside the vehicle when he was shot. The statute makes no exception from the immunity when the victim is in retreat at the time the defensive force is employed. The trial court’s denial based on disputed issues of material fact was therefore incorrect. That holding was also directly contrary to our express holding in
 
 Peterson
 
 that a motion to dismiss based on “Stand Your Ground” immunity cannot be denied because of the existence of disputed issues of material fact.
 

 The circuit court’s other basis for denial of the motion, that the handgun accidentally fired while being used as a club, is erroneous as a matter of law.
 
 See Williams v. State,
 
 588 So.2d 44 (Fla. 1st DCA 1991);
 
 McInnis v. State,
 
 642 So.2d 831 (Fla. 2d DCA 1994);
 
 Fowler v. State,
 
 492 So.2d 1344 (Fla. 1st DCA 1986);
 
 Diaz v. State,
 
 387 So.2d 978 (Fla. 3d DCA 1980).
 

 CONCLUSION
 

 Petitioner was aware that Harper, the victim, had unlawfully and forcibly entered the vehicle when he was shot. Hair was therefore authorized by section 776.013(1), Florida Statutes, to use defensive force intended or likely to cause death or great bodily harm and was immune from prosecution for that action under 776.032(1). The motion to dismiss should have been granted and we therefore issued the writ of prohibition.
 

 PETITION GRANTED.
 

 DAVIS, BROWNING, and THOMAS, JJ., concur.