ORDER DENYING MOTION FOR REHEARING AND CLARIFICATION; ORDER GRANTING MOTION TO CERTIFY CONFLICT.
 

 ALTE NBERND, Judge.
 

 Robert Croxall resides in St. Peters-burg, Florida. He wishes to appeal a final order of the Unemployment Appeals Commission upholding a referee’s decision that he is not entitled to unemployment compensation benefits in connection with his prior employment with U-Haul Co. of Florida. He timely filed his notice of appeal in this court.
 

 
 *838
 
 In
 
 Lynch v. Unemployment Appeals Commission,
 
 988 So.2d 25, 26 (Fla. 2d DCA 2008), this court held that we do not have authority to review such orders because the referees are deciding these cases at locations outside the geographical boundaries of the Second District. We concluded that the legislature, which has constitutional authority to regulate our jurisdiction in administrative appeals, had statutorily deprived this court of venue, or perhaps jurisdiction, over such appeals.
 
 Id.
 
 at 27.
 

 Since this court issued
 
 Lynch,
 
 we have routinely transferred such appeals to the First District, using a letter of transfer in accordance with the requirements of Florida Rule of Appellate Procedure 9.040(b)(1).
 
 See also
 
 art. V, § 2(a), Fla. Const. In these cases, we transfer the notice of appeal to the First District without opening a formal appellate proceeding in this court. On April 28, 2010, this court transferred Mr. Croxall’s notice of appeal to the First District.
 

 Mr. Croxall has filed a timely motion and an amended motion seeking clarification of our decision to transfer this case. In his motion he also requests that this court certify conflict with the Fifth District’s decision in
 
 Presnell v. Unemployment Appeals Commission,
 
 1 So.3d 1113 (Fla. 5th DCA 2009). He recognizes our controlling decision, but seeks an order that he can challenge by mandamus in the supreme court or as an order expressly and directly conflicting with a decision of another district. We conclude that he is entitled to such an order.
 

 Accordingly, in order to dispose of this motion, we have formally opened this appellate proceeding to consider whether to accept review of his appeal. We deny Mr. Croxall’s motion for rehearing and clarification and confirm our decision to transfer this appeal to the First District. We decline to withdraw our letter of transfer. We also certify that our decision to transfer in this case expressly and directly conflicts with the Fifth District’s decision in
 
 Presnell.
 
 Because the proceeding has been transferred to the First District, we now dismiss this appellate proceeding as duplicative of the proceeding pending in the First District.
 

 Dismissed; conflict certified.
 

 CASANUEVA, C.J., and SILBERMAN, J., Concur.