HAZOURI, J.
Petitioner, Leon Balfour Joseph, seeks a writ of prohibition to review before trial the denial of his motion to dismiss. Petitioner’s motion claimed immunity from prosecution based on the 2005 Stand Your Ground amendment to the self-defense law. § 776.032, Fla. Stat. (2012) (providing that a person who justifiably uses force is immune from criminal prosecution which includes “arresting, detaining in custody and charging or prosecuting the defendant”). Petitioner asks that this court consider issuing a writ of certiorari if prohibition is not appropriate.
We agree with some of our sister courts that a petition for writ of prohibition is an available remedy to review before trial the denial of self-defense immunity. We deny the petition on the merits as the trial court’s factual findings are supported by competent substantial evidence, and the court did not err in concluding that petitioner had failed to establish that he was entitled to self-defense immunity.
The trial court held an evidentiary hearing on the Rule 3.190(b) motion to dismiss as required by Dennis v. State, 51 So.3d 456 (Fla.2010), and Peterson v. State, 983 So.2d 27, 29-30 (Fla. 1st DCA 2008). The trial court ruled that the petitioner was not entitled to immunity from prosecution for manslaughter with a deadly weapon. The court found as a factual matter that the petitioner’s allegation that the deceased victim attacked him with a knife was false. The court relied on the testimony of witnesses who saw the petitioner retrieve the knife from inside his home and chase the victim around the parking lot. Petitioner admitted fatally stabbing the victim in the chest and that the knife was his own. In this petition, petitioner disputes the trial court’s factual findings and maintains that he used deadly force justifiably.
We ordered briefing regarding this court’s jurisdiction and agree with the responses filed by the parties that prohibition is available to review before trial the denial of a motion to dismiss claiming self-defense immunity from prosecution. Hair v. State, 17 So.3d 804 (Fla. 1st DCA 2009); Mocio v. State, 98 So.3d 601 (Fla. 2d DCA 2012). But see Gray v. State, 13 So.3d 114, 115 (Fla. 5th DCA 2009) (declining to review the issue by certiorari without prejudice to raise the claim on direct appeal), affirmed on subsequent appeal, Gray v. State, 42 So.3d 341 (Fla. 5th DCA 2010); Montanez v. State, 24 So.3d 799 (Fla. 2d DCA 2010) (denying a petition for writ of certiorari and expressing doubt as to whether the irreparable harm requirement was met); Darling v. State, 81 So.3d 574, 577 (Fla. 3d DCA 2012) (reviewing the issue on direct appeal).

Jurisdiction

An extraordinary writ such as prohibition is generally not available where another adequate remedy exists. Sutton v. State, 975 So.2d 1073, 1076 (Fla.2008) (“A writ of prohibition is available only where there is no other ‘appropriate and adequate legal remedy ”) (citations omitted); Sparkman v. McClure, 498 So.2d 892, 895 (Fla.1986) (“[A] defendant cannot *229 resort to a writ of prohibition where he has an adequate remedy via appeal”).
“Prohibition is an extraordinary writ by which a superior court may prevent an inferior court or tribunal, over which it has appellate and supervisory jurisdiction, from acting outside its jurisdiction.” Mandico v. Taos Constr., Inc., 605 So.2d 850, 853-54 (Fla.1992). The writ is discretionary. S. Records & Tape Serv. v. Goldman, 502 So.2d 413, 414 (Fla.1986). “[The writ is] very narrow in scope, to be employed with great caution and utilized only in emergencies.” English v. McCrary, 348 So.2d 293, 296 (Fla.1977).
Despite this, a petition for writ of prohibition is recognized as appropriate to review before trial some non-final orders in criminal cases. E.g., Sutton, 975 So.2d at 1076-77 (motion to disqualify trial judge); Webster v. State, 968 So.2d 125 (Fla. 4th DCA 2007) (double jeopardy); Laverde v. State, 933 So.2d 1289 (Fla. 4th DCA 2006) (statute of limitations). Speedy trial claims, on the other hand, may be reviewed by prohibition before trial, but only where the claim does not turn on disputed issues of fact. Nolet v. State, 920 So.2d 1214 (Fla. 1st DCA 2006).
In Tsavaris v. Scruggs, 360 So.2d 745 (Fla.1977), the Florida Supreme Court determined that prohibition was available to review before trial whether a defendant was immune from prosecution under the investigative subpoena statute—section 914.04, Florida Statutes (1975).
(T)he appropriate remedy ... would be to challenge the jurisdiction of the ... court to proceed by claiming immunity, and then, if that court proceeded, to seek relief by writ of prohibition in the appropriate court, that is, in the court having appellate jurisdiction.... Where a case is pending in the criminal court against a person claiming immunity ... it would be the duty of the criminal court involved to give effect to such immunity if it existed. Should the criminal court in such a case refuse to recognize the immunity the further action of that court in prosecuting the cause would amount to an excess of jurisdiction which then would be subject to restraint by prohibition. State ex rel. Reynolds v. Newell, Fla.1958, 102 So.2d 613, 615; State ex rel. Byer v. Willard, Fla.1951, 54 So.2d 179; State ex rel. Marshall v. Petteway, 121 Fla. 822, 164 So. 872.
Tsavaris, 360 So.2d at 747 (quoting Buchanan v. State ex rel. Husk, 167 So.2d 38, 40 (Fla. 3d DCA 1964)). The court explained: “The question whether Dr. Tsa-varis is immune from prosecution for murder may also be stated as the question whether the circuit court has jurisdiction to try him.” Id.
Based on the language in Tsavaris, and the availability of prohibition to review other classes of similar, dispositive pretrial issues before a criminal trial, we determine that a petition for writ of prohibition is an appropriate method for obtaining immediate review of a trial court’s denial of a claim of self-defense immunity.

Standard of Review

We agree with the First District Court of Appeal that we should employ a mixed standard of review. Hair, 17 So.3d at 805. The trial court’s factual findings are entitled to deference and must be supported by competent substantial evidence.[1] *230 This court will not reweigh the evidence. The trial court’s legal conclusions are reviewed de novo.

The Present Case

We have reviewed the transcript of the evidentiary hearing and the sworn statements of witnesses that were admitted at the hearing. The trial court’s factual determinations are supported by competent substantial evidence. A witness testified that petitioner went into his home and retrieved the knife before returning outside and stabbing the victim. Other witnesses saw the petitioner chasing the victim around the parking lot.
The trial court did not err in concluding that petitioner did not establish an entitlement to self-defense immunity. Petitioner had the burden of proving his entitlement to self-defense immunity by a preponderance of the evidence. Peterson, 983 So.2d at 29. Section 776.012, Florida Statutes, provides:
Use of force in defense of person. — A person is justified in using force, except deadly force, against another when and to the extent that the person reasonably believes that such conduct is necessary to defend himself or herself or another against the other’s imminent use of unlawful force. However, a person is justified in the use of deadly force and does not have a duty to retreat if:
(1) He or she reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself or herself or another or to prevent the imminent commission of a forcible felony; or
(2) Under those circumstances permitted pursuant to s. 776.013.
Id. (emphasis supplied).
Section 776.013 creates a presumption of reasonable fear of imminent peril of death or great bodily harm where a person has unlawfully and forcefully entered a dwelling, residence, or occupied conveyance or attempted to remove a person from one of these locations. The presumption does not apply here.
The trial court correctly concluded that petitioner had not shown that he reasonably believed that the use of deadly force was necessary “to prevent imminent death or great bodily harm to himself ... or another or to prevent the imminent commission of a forcible felony.” § 776.012, Fla. Stat. (2012). Although petitioner continues to dispute the trial court’s factual findings, the ultimate determination of whether petitioner acted justifiably in using deadly force under the circumstances of this case is for a jury to determine. This court will not reweigh the evidence.

Jurisdiction accepted. Petition denied on the 'merits.

POLEN and GERBER, JJ., concur.

. “Competent substantial evidence” has been described as follows:
The term "competent substantial evidence” does not relate to the quality, character, convincing power, probative value or weight of the evidence but refers to the existence of some evidence (quantity) as to each essential element and as to the legality *230 and admissibility of that evidence. Competency of evidence refers to its admissibility under legal rules of evidence. "Substantial” requires that there be some (more than a mere iota or scintilla), real, material, pertinent, and relevant evidence (as distinguished from ethereal, metaphysical, speculative or merely theoretical evidence or hypothetical possibilities) having definite probative value (that is, "tending to prove”) as to each essential element of the offense charged.
Dunn v. State, 454 So.2d 641, 649 n. 11 (Fla. 5th DCA 1984).