PER CURIAM.
Petitioner Wayne Tover seeks either a writ of certiorari or prohibition to review the trial court’s denial of his pretrial motion to dismiss based on immunity from prosecution under section 776.032, Florida Statutes (2012), the “Stand Your Ground” law. We have previously found prohibition to be the appropriate vehicle for review of such claims. Joseph v. State, 103 So.3d 227 (Fla. 4th DCA 2012). Petitioner asserts that he was reasonably in fear of imminent death or great bodily harm due to an occupant of another vehicle attempting to enter petitioner’s vehicle while both were stopped at a traffic light. According to petitioner, this fact triggered a statutory presumption under section 776.013(l)(a), Florida Statutes (2012), that his fear was reasonable, thus allowing him to use deadly force (shooting towards the other vehicle) in defense of himself. See § 776.012(2), Fla. Stat. (2012) (permitting use of deadly force under the circumstances set forth in section 776.013).
An evidentiary hearing was held in the trial court. The various witnesses who testified and the other evidence created a conflict as to how the events leading up to the shooting actually took place. The trial court resolved the contradictions adversely to petitioner, finding that under the facts, his fear of imminent death or great bodily harm was not reasonable. Accordingly, the trial court concluded that petitioner was not entitled to statutory immunity from prosecution under section 776.031. In Joseph, we found that the appropriate standard of review was to defer to the trial court’s findings of fact where supported by competent, substantial evidence, but to review conclusions of law de novo. Applying this standard, we hold that the trial court’s decision to deny petitioner’s motion to dismiss was not in error, and so we deny the petition for writ of prohibition sought by petitioner. However, this decision is without prejudice to petitioner raising the Stand Your Ground statutory defense at trial. See Dennis v. State, 51 So.3d 456, 459-460 (Fla.2010), approving Peterson v. State, 983 So.2d 27, 29 (Fla. 1st DCA 2008); see also Mederos v. State, 102 So.3d 7 (Fla. 1st DCA 2012).

Denied without prejudice.

WARNER, DAMOORGIAN, and GERBER, JJ., concur.