DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**STATE OF FLORIDA,**
Petitioner,

v.

**JAMES PATRICK WONDER,**
Respondent.

_____

NO. 4D12-4510
_____

**JAMES PATRICK WONDER,**
Petitioner,

v.

**STATE OF FLORIDA,**
Respondent.

_____

NO. 4D12-4559
_____

[August 13, 2014]

### *On Motion for Rehearing, Rehearing En Banc And for Certification*

Consolidated petitions for writ of certiorari and for writ of prohibition to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Bernard I. Bober, Judge; L.T. Case No. 08-15002 CF.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melanie Dale Surber, Assistant Attorney General, West Palm Beach, for petitioner.

Michael J. Entin and Frank A. Maister, Fort Lauderdale, for respondent.

May, J.

We deny the motion for rehearing, rehearing en banc, and certification. We withdraw our previously issued opinion and substitute the following opinion in its place.

Having previously consolidated the two petitions filed in this case for purposes of the record and disposition by the same panel, we now *sua sponte* consolidate them for purposes of this opinion. The underlying criminal case involves a tragic deadly shooting in a post office parking lot.

In Case No. 4D12-4559, the defendant petitioned this court for a writ of prohibition, challenging an order that denied his motion to dismiss the criminal charges against him under sections 776.032 and 776.012, Florida Statutes (2009), the "Stand Your Ground" law. In Case No. 4D12-4510, the State petitioned this court for a writ of certiorari, challenging part of the order determining that the criminal defendant was not involved in "unlawful activity" at the time of the shooting. We deny both petitions.

The manslaughter charge resulted from the tragic shooting death of the victim. The victim and the defendant first encountered one another on public streets where the defendant was slowly driving his car to the post office. The victim was angered by the defendant's driving.

When the defendant turned right into the post office, the victim pulled up next to him and each made an obscene gesture. The victim then drove past the entrance to the post office, turned right at the next street and right again into the post office parking lot. The victim drove his car at a high rate of speed, nearly hitting the vehicle of another post office patron, and parked it diagonally across two parking spaces. The victim exited his vehicle, and angrily approached the defendant, yelling at him. Fearing for his safety, the defendant shot and killed the victim.

The State charged the defendant with manslaughter. The defendant moved to dismiss the Information based on sections 776.012 and 776.032, Florida Statutes, the "Stand Your Ground" law. The trial court held an evidentiary hearing.[1]

After hearing the testimony of witnesses and a medical expert, the court concluded that the defendant's use of force was not reasonable.

---

[1] The Supreme Court of Florida quashed our earlier decision upholding the denial of the defendant's request for an evidentiary hearing. *Wonder v. State*, 64 So. 3d 1208 (Fla. 2011).

2

Specifically, the defendant "did not reasonably believe that the use of deadly force was necessary to prevent death or great bodily harm to himself or his family, and that immunity does not attach under Florida Statute section 776.032." The trial court denied the motion to dismiss.

The State then requested the trial court to determine whether the defendant's possession of a firearm on post office property constituted "unlawful activity" under section 776.013(3). Defense counsel argued that such a determination was unnecessary because the motion to dismiss was based on section 776.012, and not 776.013. Nevertheless, the court determined that the defendant's possession of a firearm on post office property did not constitute "unlawful activity."

These rulings are the basis of the defendant's petition for a writ of prohibition and the State's petition for a writ of certiorari.

Prohibition lies to review a circuit court's denial of a motion to dismiss seeking statutory immunity under the "Stand your Ground" law. *Joseph v. State*, 103 So. 3d 227 (Fla. 4th DCA 2012). We defer to the circuit court's factual findings when supported by competent, substantial evidence. *Id.* at 229–30. We have de novo review of the legal issues. *Id.*

The defendant elicited testimony about the difference in physical size and strength of both him and the victim. The defendant was somewhat fragile and in poor health. The victim was younger, taller, and in better physical shape.

The trial court found the testimony of the victim's minor daughter, who was a passenger in the victim's car, credible. The daughter testified about the facts leading up to the confrontation. The daughter's testimony mirrored the defendant's version of events. She testified that her father pulled into the post office, and told her he had to talk to a guy. She saw her father exit the car, begin yelling at the defendant, and then heard the shot. A medical expert testified that the victim's wound was consistent with his having turned his head and ducked as he was shot.

Because competent, substantial evidence supports the trial court's factual findings and ultimate factual conclusion that the defendant did not reasonably believe that deadly force was necessary, we deny the defendant's petition for writ of prohibition. *See id.*

The State asks us to review that portion of the order in which the trial court determined that the defendant's possession of a firearm on post office property did not constitute "unlawful activity" pursuant to section

3

776.013(3), Florida Statutes (2009).[2]  The defendant has maintained all along that such a determination was unnecessary because the defense motion relied upon section 776.012 and not 776.013.  The exception for a defendant's engagement in "unlawful activity" does not exist under section 776.012.  We agree with the defendant.  The trial court need not have addressed this issue.

Section 776.012, Fla. Stat. (2009), provides:

> **Use of force in defense of person.—**A person is justified in using force, except deadly force, against another when and to the extent that the person reasonably believes that such conduct is necessary to defend himself or herself or another against the other's imminent use of unlawful force.  However, a person is justified in the use of deadly force and does not have a duty to retreat if:
>
> (1) He or she reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself or herself or another or to prevent the imminent commission of a forcible felony; **or**
>
> (2) Under those circumstances permitted pursuant to s. 776.013.

(emphasis added).  There is no similar provision concerning involvement in unlawful activity in section 776.012.[3]

---

[2] We have held that possession of a firearm by a convicted felon constitutes "unlawful activity" and precludes immunity under the "Stand Your Ground" law, section 766.013(3).  *Bragdon v. State*, 123 So. 3d 654 (Fla. 4th DCA 2013).  We certified conflict with *Little v. State*, 111 So. 3d 214 (Fla. 2d DCA 2013) (holding trial court erred in denying immunity to defendant under section 776.012).  The Supreme Court of Florida has granted review.  *Bragdon v. State*, No. SC13-2083 (Fla. July 2, 2014).

[3] The legislature amended section 776.012(2) this year with an effective date of June 20, 2014.  *See* Ch. 2014-195, § 3, Laws of Fla. (to be codified at § 776.012, Fla. Stat.).  The statute now provides that a "person who uses or threatens to use deadly force in accordance with this subsection does not have a duty to retreat and has the right to stand his or her ground *if the person using or threatening to use the deadly force is not engaged in a criminal activity* and is in a place where he or she has a right to be."  § 776.012(2), Fla. Stat. (2014) (emphasis added); *see Hill v. State*, No. 4D13-3672 (Fla. 4th DCA July 16, 2014) (recognizing the recent amendments).

Section 776.013, Fla. Stat. (2009), however, provides:

**Home protection; use of deadly force; presumption of fear of death or great bodily harm.**

(1) A person is presumed to have held a reasonable fear of imminent peril of death or great bodily harm to himself or herself or another when using defensive force that is intended or likely to cause death or great bodily harm to another if:

(a) The person against whom the defensive force was used was in the process of unlawfully and forcefully entering, or had unlawfully and forcibly entered, a dwelling, residence, or occupied vehicle, or if that person had removed or was attempting to remove another against that person's will from the dwelling, residence, or occupied vehicle; and

(b) The person who uses defensive force knew or had reason to believe that an unlawful and forcible entry or unlawful and forcible act was occurring or had occurred.

Subsection (2) of the statute then sets out exceptions to the presumption in subsection (1). These exceptions include when: (a) the person against whom the force is used is a lawful resident or occupant of the residence or vehicle; (b) the person sought to be removed is a child or grandchild or someone otherwise in the lawful custody of the person against whom defensive force is used; (c) "[t]he person who uses defensive force is engaged in an unlawful activity or is using the dwelling, residence, or occupied vehicle to further an unlawful activity . . ."; and (d) the person against whom the force is used is a law enforcement officer. § 776.013(2)(a)–(d), Fla. Stat. (2009).

Subsection (3) specifically provides:

A person who is not engaged in an unlawful activity and who is attacked in any other place where he or she has a right to be has no duty to retreat and has the right to stand his or her ground and meet force with force, including deadly force if he or she reasonably believes it is necessary to do so to prevent death or great bodily harm to himself or herself or another or to prevent the commission of a forcible felony.

§ 776.013(3), Fla. Stat. (2009).

5

At first glance, the title to each section of chapter 776 demarcates the line between justifiable use of force in defense of self and others and the presumption that applies under the castle doctrine. As the Second District explained in *Little v. State*, 111 So. 3d 214, 219 (Fla. 2d DCA 2013), sections 776.012, 776.013, and 776.032 provide alternative forms of immunity.

> We do not agree that there is a conflict between the provisions in sections 776.012(1) and 776.013(3). Section 776.013(3) provides for the justifiable use of deadly force by a law-abiding person outside of the "castle," but it does not *preclude* persons who are engaged in an unlawful activity from using deadly force in self-defense when otherwise permitted. In fact, the Stand Your Ground law expressly amended section 776.012 to provide that the use of deadly force is justified under the circumstances set forth in *both* sections 776.012(1) and 776.013.
>
> . . .
>
> Section 776.013(3) applies when a person is (1) not engaged in an unlawful activity and (2) attacked in any place outside the "castle" as long as (3) he or she has a right to be there. A person who does not meet these three requirements would look to section 776.012(1) to determine whether the use of deadly force was justified. The presumptions in sections 776.013(1) and (4) apply only when a person is attacked in the "castle." And the presumption in section 776.013(1) does not apply if the person was engaged in an unlawful activity. *See* § 776.013(2)(c).

*Id.* at 221 (emphasis in original). We concur with the Second District's analysis.

The defendant never sought immunity under section 776.013, and it was unnecessary for the trial court to answer whether the defendant was engaged in unlawful activity under section 776.013(3). For this reason, we deny the State's petition for writ of certiorari and remand the case to the trial court for further proceedings consistent with this opinion.

DAMOORGIAN, C.J., and TAYLOR, J., concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***