BILBREY, J.
Petitioner Keenan Finkelstein seeks a writ of prohibition to prevent the circuit court from exercising any further jurisdiction over the State’s prosecution of Petitioner for battery on a law enforcement officer with a deadly weapon. A petition for writ of prohibition is the proper method to challenge a trial court’s denial of a pre-trial motion to dismiss charges based on a claim of statutory immunity under section 776.032, Florida Statutes. Mederos v. State, 102 So.3d 7, 11 (Fla. 1st DCA 2012). Because the Petitioner is alleged to have used force against a law enforcement officer, the application of the exception to the statutory immunity for a justifiable use of force is at issue.
The criminal charge against Petitioner is based on an incident which occurred outside a residence on the night of March 20, 2013. According to the evidence presented at the motion hearing, Escambia County Sheriffs deputies received a report of a robbery near a convenience store. Kaneli-us Wells, the victim of the robbery, knew the alleged robber and described him and his vehicle to the officers. The victim also knew where the alleged robber lived and *1087 he led deputies to the neighborhood to point out the particular residence of the robber. Several deputies, including Sergeant Johnson, reported to the neighborhood, parked their vehicles out of sight of the home, and approached the home on foot. Sergeant Johnson positioned himself so that he could watch persons and vehicles leaving the home. He and the other deputies had a general plan to contact the suspected robber if he exited the residence and possibly arrest him.
While watching the home in the dark, Sergeant Johnson saw the garage door to the home open, and saw Petitioner leave the garage and walk towards a vehicle similar in description to that given by Mr. Wells in reporting the robbery. Sergeant Johnson informed the other deputies that he was going to contact Petitioner and then stepped out of the darkness to address Petitioner. Sergeant Johnson testified that he shined his flashlight on Petitioner’s face and announced, “Sheriff’s office, show me your hands.” Another deputy also testified at the hearing that Sergeant Johnson identified himself as a Sheriffs deputy immediately upon encountering the Petitioner, while Petitioner denied hearing such identification. Sergeant Johnson testified that upon his calling out to Petitioner, Petitioner immediately responded by shooting him. The testimony of various witnesses conflicted about what happened next, but there was no question that gunfire was exchanged and Sergeant Johnson was seriously injured.
Petitioner was charged with battery on a law enforcement officer with a deadly weapon. He then asserted that he was immune from prosecution under section 776.032, Florida Statutes, because the deadly force he used was justified to defend himself. See §§ 776.012, 776.013, 776.031, Fla. Stat. Section 776.032 provides that if a defendant establishes that the force used was justified under any of the applicable statutes, the defendant qualifies for immunity from prosecution. However, the statute also provides that the immunity is not available if the person against whom the force is used is 1) a law enforcement officer; 2) acting in the performance of his or her official duties; and 3) identified himself or herself in accordance with any applicable law (or the person using force knew or should have known the person was a law enforcement officer).[1] § 776.032(1), Fla. Stat.
At the conclusion of the hearing, the circuit court ruled that Petitioner failed to carry his burden to establish his entitlement to immunity from prosecution, based on the “credible substantial evidence” that Sergeant Johnson was a law enforcement officer who was involved in the performance of his official duties, and who identified himself as an officer. Petitioner argues in this Court that at the time Petitioner defended himself by shooting Sergeant Johnson, Sergeant Johnson was not performing his official duties and had not identified himself as a police officer.
Whether Sergeant Johnson identified himself as a Sheriffs deputy as he demanded to see Petitioner’s hands is a factual determination dependent upon the evidence presented at the hearing. The testimony of Sergeant Johnson and another deputy was that Sergeant Johnson did identify himself, in conflict with Petitioner’s evidence that Sergeant Johnson only demanded to see Petitioner’s hands. This Court will not re-weigh the evidence considered by the trial court, nor will we disturb the trial court’s determination of credibility of the witnesses. See Darling *1088 v. State, 81 So.3d 574, 577 (Fla. 3d DCA 2012) (on appeal of s. 776.032 statutory immunity determination, trial court’s findings of fact are presumed correct and will not be reversed if supported by competent substantial evidence); Hair v. State, 17 So.3d 804 (Fla. 1st DCA 2009) (material facts need not be undisputed to support immunity determination, but the determination must be based on facts supported by competent substantial evidence, and the proper application of the law to those facts).
Considering Petitioner’s claim that Sergeant Johnson was not acting in the performance of his official duties when he was shot by Petitioner, the testimony presented at the hearing uniformly described the deputies’ activities that evening as the investigation of the reported armed robbery of Mr. Wells by a person he knew. Petitioner asserts that “official duties,” for purposes of section 776.032 immunity, are limited to execution of warrants for search or arrest, execution of lawful warrantless arrests, legally detaining or stopping a citizen, and service of process. However, the statutory definitions of “law enforcement officer” uniformly describe the “primary responsibility” of law enforcement officers as “the prevention and detection of crime or the enforcement of the penal, traffic, or highway laws of this state.” §§ 112.531(1); 316.1906(l)(d)l.; 943.10(1), Fla. Stat. This broad description of responsibilities or duties is not limited to execution of warrants, service of process, or actual arrests. “An officer is engaged in the performance of his official duties when acting within the scope of his employment.” State v. AAR., 113 So:3d 942, 944 (Fla. 5th DCA 2013). As stated in Clinton, v. State, 421 So.2d 186, 188 (Fla. 2d DCA 1982), “the scope of an officer’s official duties is not coextensive with his power to arrest ... an officer’s duties may cover many functions which have nothing whatsoever to do with making arrests.” See also Silas v. State, 495 So.2d 1241 (Fla. 5th DCA 1986) (officer was “lawfully performing his duty” by responding to a radio dispatch outside his jurisdiction). Investigation of a reported crime to discover additional information which could lead to the issuance of a warrant or to a lawful arrest falls squarely into the definitions of the official duties of “detection of crime” or “enforcement of the ... laws of this state.” §§ 112.531(1); 316.1906(l)(d)l.; 943.10(1), Fla. Stat.
Petitioner further argues that Sergeant Johnson was violating Petitioner’s constitutional rights by pointing his service weapon at Petitioner and illegally detaining him, and thus Sergeant Johnson could not have been performing any official duties. Any challenge to the legality of the search and seizure of Petitioner is separate from the determination of immunity under section 776.032, Florida Statutes. The question of whether the law enforcement exception to the statutory immunity applies does not involve the admissibility of evidence obtained from the Petitioner by any search by Sergeant Johnson, or a civil action against the Sheriffs Office for a violation of Petitioner’s civil rights. Even if Sergeant Johnson’s actions were illegal, which we do not find here, Petitioner’s emphasis on the “lawful execution” of legal duties is misplaced. As pointed out in the State’s Response, the phrase “performance of ... official duties” in section 776.032 differs from the phrase “lawful execution of a legal duty,” in statutes defining resisting arrest and other obstruction crimes. See, e.g., § 843.02, Fla. Stat. (“whoever shall obstruct ... any officer ... in the lawful execution of any legal duty”).
Because the evidence supports the trial court’s findings of fact, and because the trial court correctly applied section *1089 776.082(1) to those facts, the writ of prohibition is denied. This denial pertaining to the exception to statutory immunity from prosecution is without prejudice to Petitioner’s ability to raise the affirmative defense of self-defense at trial. Mederos v. State, 102 So.3d 7, 11 (Fla. 1st DCA 2012); Peterson v. State, 988 So.2d 27 (Fla. 1st DCA 2008).
PADOVANO and WETHERELL, JJ., concur.

. The "...knew or should have known...” clause is not at issue here.