DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**ALEJANDRO ARGERICH,**
Appellee.

No. 4D2023-2892

[April 2, 2025]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Leon M. Firtel, Judge; L.T. Case No. 21-007517CF10A.

James Uthmeier, Attorney General, Tallahassee, and Jessenia J. Concepcion, Senior Assistant Attorney General, West Palm Beach, for appellant.

Teresa Williams and Jody McGuire of Williams Litigation Group, Fort Lauderdale, for appellee.

KLINGENSMITH, C.J.

Defendant Alejandro Argerich was charged with resisting officers with violence and aggravated assault on a law enforcement officer stemming from an incident in which Defendant used a sword against three officers who were detaining him following a Baker Act[1] referral. Defendant asserted immunity under the Stand Your Ground statute for using force "necessary to prevent imminent death or great bodily harm" and moved to dismiss the case. §§ 776.012(2), 776.032, Fla. Stat. (2021). The trial court granted Defendant's motion. We reverse because the undisputed evidence combined with section 776.032's clear language shows that such immunity does not apply in this circumstance.

The officers responded to a call alleging that Defendant had been suicidal. When they arrived at Defendant's location, an officer asked Defendant whether he was having suicidal feelings. Defendant replied that while he had those feelings earlier, he was okay now. Defendant testified

---

[1] §§ 394.451–.47892, Fla. Stat. (2021).

at the hearing on his motion to dismiss that he told the officers he had not taken any pills but had considered doing so earlier. He also testified that he had told the officers he would drive to the Veterans Affairs clinic for a fast-track mental health appointment, to which they responded that they would take him. Defendant also told the officers he did not think it was necessary but would comply. When the officers took Defendant to his apartment to secure his service dog, an altercation occurred during which Defendant said he felt like he was in danger. Although Defendant and the officers gave conflicting accounts of what had occurred to cause the altercation, it is undisputed that the officers had identified themselves as law enforcement officers, were wearing uniforms, and were acting in the performance of their official duties.

The trial court ruled from the bench but did not make any findings as to which version of events it believed. The court did, however, find that Defendant was calm and had not resisted until they all got to the front door of the apartment. The court further stated:

> They get to the front door and everything takes place. [Defendant] sees it one way; the officers see it another way. You have to make credibility judgments. And [Defendant] had a perception that he was about to get shot by Officer Rivas.
>
> [Defendant] described it in vivid detail as to Officer Rivas taking a step or two back so that [Officer Rivas] could pull his weapon. And it was at that point in time that [Defendant] stood his ground and did what he did with the sword.

The trial court determined that the State did not prove by clear and convincing evidence that the officers had a right to take Defendant into custody under the Baker Act in the first place and dismissed the case. This appeal followed.

We employ a mixed standard of review when examining a motion to dismiss based on sections 776.012 and 776.032. *See State v. Wonder*, 162 So. 3d 59, 61–62 (Fla. 4th DCA 2014). We have de novo review of the legal issues and defer to the trial court's factual findings when supported by competent, substantial evidence. *Id.* (citing *Joseph v. State*, 103 So. 3d 227, 229–30 (Fla. 4th DCA 2012)).

The State argues the trial court reversibly erred by misapplying the Stand Your Ground statute because the statute explicitly prohibits the use of force against officers performing their official duties. We agree.

2

Generally, Florida law confers immunity from prosecution, without the obligation to retreat, on persons who use deadly force if reasonably believing such force is "necessary to prevent imminent death or great bodily harm." § 776.012(2), Fla. Stat. (2021); *see also* § 776.032(1) Fla. Stat. (2021). Florida's Stand Your Ground statute states:

> *A person who uses or threatens to use force as permitted in s. 776.012, s. 776.013, or s. 776.031 is justified* in such conduct and is immune from criminal prosecution and civil action for the use or threatened use of such force by the person, personal representative, or heirs of the person against whom the force was used or threatened, *unless the person against whom force was used or threatened is a law enforcement officer, as defined in s. 943.10(14),* **who was acting in the performance of his or her official duties** *and the officer identified himself or herself in accordance with any applicable law or the person using or threatening to use force knew or reasonably should have known that the person was a law enforcement officer.* As used in this subsection, the term "criminal prosecution" includes arresting, detaining in custody, and charging or prosecuting the defendant.

§ 776.032(1), Fla. Stat. (2021) (emphases added). Under this clear language, Stand Your Ground immunity does not apply to the use of force against law enforcement officers performing their official duties. *Id.*

By its ruling, the trial court appears to have accepted Defendant's claim that the officers were acting outside their lawful duties because they did not have sufficient probable cause to detain him under the Baker Act. As such, the trial court ruled that the officers' use of excessive force while armed warranted Defendant's use of lethal force in legitimate self-defense of life and property. However, a distinction exists between an officer's official duties, which are protected under section 776.032, and an officer's legal duties, which are subject to a myriad of legal challenges and defenses to a prosecution, or perhaps through a civil rights action. *See Finkelstein v. State*, 157 So. 3d 1085, 1088 (Fla. 1st DCA 2015) ("Any challenge to the legality of the search and seizure of Petitioner is separate from the determination of immunity under section 776.032, Florida Statutes.").

Whether the officers exceeded the scope of their legal duties by improperly detaining Defendant or failing to comply with criteria set forth in the Baker Act is irrelevant to whether Stand Your Ground immunity can be applied. Even if a court ultimately determines an officer's actions were without probable cause, or involved excessive force during the attempted

detention, Defendant's emphasis on the officers' "lawful execution" of legal duties is misplaced. As the First District explained in *Finkelstein*, the phrase "performance of his or her official duties" in section 776.032 differs from the phrase "lawful execution of a legal duty" in statutes defining resisting arrest and other obstruction crimes. *Id.*

Here, undisputed facts were presented that the officers were dressed in police uniforms, Defendant recognized them as such, and the officers responded to a 911 call about Defendant being suicidal. Thus, even if the officers unlawfully apprehended Defendant under the Baker Act, the statute only requires law enforcement to be acting within their official duties. *See* § 776.032(1), Fla. Stat. (2021).

We conclude that the trial court misapplied the Stand Your Ground statute's language by finding that the State did not prove by clear and convincing evidence that the officers were acting in performance of their legal duties. While Defendant may still assert a lack of probable cause, procedural noncompliance, or that the officers used excessive force as defenses to any prosecution, he is not entitled to assert Stand Your Ground immunity. We reverse the trial court's order and remand this case for further proceedings below.

*Reversed and remanded.*

FORST, J., concurs.
ARTAU, J., concurs in result only.

*    *    *

***Not final until disposition of timely filed motion for rehearing.***