PER CURIAM.
The appellant was charged and tried before a jury which convicted him of possession of a stolen motor vehicle and resisting an arrest without violence. He has appealed, but of the points presented only one merits discussion as the evidence was ample to sustain the conviction. That point concerns the trial court’s requiring a witness to stand and face the jury while testifying.
“It is ordinarily for the judge presiding at the trial to determine, in his discretion, whether acts or conduct of a party, a witness, a court attendant, or other person is of such a nature as to preclude the proper and impartial consideration of the case by a jury.” 88 C.J.S., Trial § 52, p. 139.
The court below broke away from a long-recognized practice in Florida courts —other than municipal courts- — of having the witness sit in a chair while testifying. The practice employed below of requiring a witness to stand and face the jury while testifying carries an unnecessary potential for prejudice. Usually a witness is not tired when first called on direct examination; so standing to testify should create no problem. However, in the event that the witness should be required to stand for direct examination longer than a few minutes that person would be likely to become tired and at a disadvantage by the time he is turned over for cross-examination.
Extended questioning of an obviously fatigued witness would engender in the jury otherwise unwarranted sympathy for the witness and antipathy toward counsel conducting the examination. On the other hand, a cross-examination which is not searching but only long, may without justification destroy a witness’ credibility, where the person under oath seems ill at ease or inattentive. Additionally, the witness may be more circumspect in his answers to shorten his appearance “at center stage.”
The physical location of counsel’s table may prevent the attorney from observing the facial expressions or hearing intonations of a witness standing and facing to *162 wards the jury box. Prejudice could also occur by reason of the inability of some witnesses to think on their feet as well as when sitting. Our Supreme Court said in Hahn v. State, Fla.1952, 58 So.2d 188, 191 (en banc):
“ . . . This Court has always recognized that a trial Court has wide latitude in regulating the conduct of trials in order that the administration of justice be speedily and fairly achieved in an orderly, dignified manner and befitting the gravity of the business in hand. In this function the trial Judge exercises the sound discretion with which he is vested. This discretion may be invoked and its exercise reasonably required for many reasons.”
In Baisden v. State, Fla.App. 1967, 203 So.2d 194, 195-196, Associate Judge Weissing wrote:
“ . . . The trial court is under a positive duty to conduct an orderly trial, and the public, as well as the persons more directly involved, have the right to look to the judge for guidance, for the maintenance of dignity, and decorum so essential to the proper administration of justice and, in short, the trial court embodies the personification of fairness and equality before the law.”
and
“ . . . This court has always recognized that a trial court has wide latitude in regulating the conduct of trials.” See Hahn v. State, Fla.1952, 58 So.2d 188, 191.
and also,
“ . . . [T]he court has a duty to maintain the dignity of the law in the courtroom which also includes the protection of witnesses under examination.”
See also: Wade v. State, Fla.App.1967, 204 So.2d 235; Atkins v. State, Fla.App.1968, 210 So.2d 9; Illinois v. Allen (1970), 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353.
Notwithstanding appellant’s contention that the court erred in requiring witness to stand while testifying, we express the view that the appellant has failed to demonstrate that he was prejudiced in fact by the action of the trial court and has further failed to demonstrate that the trial judge abused her discretion.
No error having been demonstrated, we therefore affirm the judgment and sentence appealed.
Our affirmance of this judgment should not be construed as approval of a rule of court by the trial judge requiring all witnesses to stand and face the jury while testifying.
Affirmed.