321 So.2d 442 (1975)
Delfin QUESADA, Appellant,
v.
The STATE of Florida, Appellee.
No. 74-1789.
District Court of Appeal of Florida, Third District.
November 4, 1975.
Phillip A. Hubbart, Public Defender, and Bennett Brummer, Asst. Public Defender and Elliot H. Scherker, Legal Intern, for appellant.
Robert L. Shevin, Atty. Gen., and Linda C. Hertz, Asst. Atty. Gen., and Carl B. Schwait, Legal Intern, for appellee.
Before BARKDULL, C.J., and HENDRY and NATHAN, JJ.
PER CURIAM.
This is an appeal by the defendant, Delfin Quesada, from an order of the trial court summarily denying a motion for post-conviction relief pursuant to Rule 3.850 RCrP.
Quesada was charged by information in 1970, with buying, receiving and concealing stolen property, and in 1971, with breaking and entering and grand larceny. Represented by the public defender, Quesada pled not guilty to the charges and advised the court that he would interpose insanity as a defense. Subsequently he was again charged by information with breaking and entering, to which he pled not guilty.
Prior to trial, Quesada was examined by three psychiatrists. In the reports, the doctors acknowledge his emotional problems, but state that he was able to aid counsel in the preparation of his defense and stand trial, and that he knew the difference between right and wrong at the time of the alleged offenses. At the time of trial, Quesada, represented by private counsel, changed his plea to guilty on all charges except one which the State agreed to abandon. On March 10, 1972, Quesada *443 was sentenced to 5 years in the state penitentiary for buying, receiving and concealing stolen property, 10 years for breaking and entering and 5 years for grand larceny.
On October 1, 1974, Quesada filed a motion to vacate pursuant to Rule 3.850, RCrP., on two grounds. First, that no hearing was held on the issue of the defendant's competence prior to the acceptance of his guilty plea. Second, that Quesada did not receive effective assistance of counsel since the only defense he received from his attorney was pleading guilty when he should have pled not guilty by reason of insanity. On November 20, 1974, the trial judge denied the Rule 3.850 motion without an evidentiary hearing.
Quesada's arguments on appeal are not well taken. As to whether the trial court should have granted post conviction relief based upon failure to hold a hearing on Quesada's competence prior to accepting the guilty plea, we agree that the rule espoused by the Florida Supreme Court is that a hearing to determine a defendant's sanity is obligatory if a reasonable doubt is raised as to the defendant's sanity. Brock v. State, Fla. 1954, 69 So.2d 344; Brown v. State, Fla. 1971, 245 So.2d 68. Under the facts of this case, the rule is inapplicable since no doubt was raised as to the defendant's sanity. The written reports of all three psychiatric experts concluded that Quesada was sane, and the court had no reasonable grounds to believe him insane. See Rule 3.210(a), RCrP.
As to whether a defendant has received reasonably effective counsel, the test is whether the facts alleged demonstrate that the trial was a mockery or a farce. McCrae v. State, Fla.App. 1975, 313 So.2d 429. The record does not support such a finding. Accordingly, the order of the trial court is affirmed.
Affirmed.