HAVERFIELD, Judge.
Defendant, Walter L. Arbogast, was tried by a jury in June 1971 and found guilty of possession of a stolen motor vehicle and resisting an officer without violence to his *1180 person. On direct appeal to this court, his conviction was affirmed. Arbogast v. State, 266 So.2d 161 (Fla.3d DCA 1972). On August 25,1975 defendant, pursuant to Fla. R.Crim.P. 3.850, filed a motion to vacate judgment and sentence on the ground that during his cross-examination his right against self-incrimination was violated when the prosecutor for impeachment purposes elicited testimony from him about his failure to give exculpatory statements to the police while in custody, and he was denied effective assistance of court appointed counsel when counsel failed to object on constitutional grounds. The trial judge denied the motion and defendant perfected this appeal.
To support his contention of violation of his right against self-incrimination, defendant cites U. S. Supreme Court rulings in United States v. Hale, 422 U.S. 171, 95 S.Ct. 2133, 45 L.Ed.2d 99 (1975), and more recently Doyle v. Ohio, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976) holding that the use for impeachment purposes of a defendant’s silence at the time of arrest and after receiving Miranda warnings violates the due process clause of the Fourteenth Amendment. These cases are of no aid and comfort to the defendant because these decisions were rendered several years after he was tried and convicted and we will not give this new ruling retrospective application. See Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966); Tehan v. Shott, 382 U.S. 406, 86 S.Ct. 459, 15 L.Ed.2d 453 (1966).
The question then is whether or not under previous case law defendant’s right against self-incrimination was violated. We answer this query in the negative. Previous to the holding in Doyle, supra the rule of law in this jurisdiction has been that where the defendant takes the stand, he places himself in the position of any other witness and where there is an inconsistency between silence and testimony, the prosecuting attorney for impeachment purposes has the right to comment as defendant’s failure to deny or explain incriminating facts to the police. See Reilly v. State, 212 So.2d 796 (Fla.3d DCA 1968); Lebowitz v. State, 313 So.2d 473 (Fla.3d DCA 1975); Williams v. State, 320 So.2d 434 (Fla.3d DCA 1975).
Defendant has failed to demonstrate fundamental error and further has not shown that his trial was a mockery or a farce. See Quesada v. State, 321 So.2d 442 (Fla.3d DCA 1975). Accordingly, we affirm the denial of his motion for post-judgment relief.
Defendant also filed a motion to vacate sentence on the ground that the trial court incorrectly sentenced him to serve one year in the state penitentiary on his conviction for resisting arrest without violence. This motion was denied. We find error in the sentence as resisting arrest without violence is a misdemeanor punishable by imprisonment not exceeding one year in the county jail. Sections 843.02, 775.082(3)(a), Florida Statutes (1971).
Accordingly, we remand the case to the trial court to amend the sentence as to resisting arrest without violence to read that defendant serve one year in the county jail, sentence to begin immediately at the expiration of the sentence imposed for possession of a stolen motor vehicle.
It is so ordered.