ALTENBERND, Judge.
 

 John Rynell Richards, the Defendant, appeals his judgment and sentence for attempted murder in the second degree. He argues that the trial court improperly used an outdated jury instruction concerning his defense of the justifiable use of deadly force and that, accordingly, it committed an error when it told jurors he had a duty to retreat before using deadly force. The State concedes that the instruction was improper. We agree that the use of the outdated instruction was an error in this case. We reverse and remand for a new trial.
 

 In October 2007, the Defendant was in a park in St. Petersburg with three friends. All four were homeless and were spending their time imbibing alcohol. This activity was detrimental to their recollection of the events of the day, and each recalled the events somewhat differently.
 

 It is undisputed that the Defendant stabbed one of his friends, Mr. Russell. The other two friends testified at trial for the State. They generally explained that the Defendant, Mr. Russell, and a third member of the group were sitting on a park bench with Mr. Russell in the middle. The Defendant pulled out a knife and began waving it around. When Mr. Russell complained about this, the Defendant bit him on the arm. Mr. Russell tried to get the Defendant to stop biting him by grabbing the Defendant’s face. When Mr. Russell did this, the Defendant cut Mr. Russell’s ear with the knife and stabbed him in the neck.
 

 Several officers responded to the scene. They testified that the Defendant was visibly intoxicated and made several loud statements upon being apprehended. He admitted stabbing the victim and claimed the victim was trying to kill him. At some point, he also said he had stabbed Mr. Russell because he thought Mr. Russell was going to attack him.
 

 
 *433
 
 The officers testified that they had to forcibly subdue the Defendant to arrest him. They struggled 'with him and eventually forced him to the ground and put him in handcuffs. They claimed the Defendant was injured during the struggle and got cut on his head during the arrest.
 

 The Defendant testified and told a very different story. According to him, the group was in the park that night, but they were not sitting close to one another. He and Mr. Russell were sitting on opposite ends of the same bench. The other two friends were sitting nearby.
 

 The Defendant claimed that Mr. Russell wanted the Defendant to give him a beer. When Mr. Russell persisted in his requests for beer, they began arguing. Mr. Russell punched him in the face, grabbed him by the throat, and slammed him into the bench. Mr. Russell still had the Defendant by the throat when the Defendant pulled out his knife and stabbed Mr. Russell.
 

 The Defendant claimed that he stabbed Mr. Russell because he feared for his life. After the incident, he got on his bicycle and pedaled away to wait for the police. When the police arrived, he waved them over to where he was standing.
 

 The Defendant said his injuries that night were not the result of any altercation with the police, but were the result of Mr. Russell’s attack. He claimed that Mr. Russell cut his face, blackened his eye, and bruised or cracked some of his ribs. His throat and neck were also sore for several days. He also claimed Mr. Russell had cracked the bench when he slammed him into it. The trial court admitted a picture of the bench on which the attack allegedly occurred. It was broken.
 

 At the end of the case, the trial court instructed the jury on the justifiable use of deadly force, using the standard instruction that was applicable to offenses occurring prior to October 1, 2005. The instruction stated:
 

 The defendant cannot justify the use of force likely to cause death or great bodily harm unless he used every reasonable means within his power and consistent with his own safety to avoid the danger before resorting to that force.
 

 The fact that the defendant was wrongfully attacked cannot justify his use of force likely to cause death or great bodily harm if, by retreating, he could have avoided the need to use that force. However, if the defendant was placed in a position of imminent danger of death or great bodily harm, and it would have increased his own danger to retreat, then his use of force likely to cause death or great bodily harm was justifiable.
 

 It is undisputed that this instruction was improper because the Florida legislature eliminated the duty to retreat in 2005.
 
 See
 
 ch. 2005-27, § 2, at 201, Laws of Fla. The trial court should have instructed the jury that:
 

 If the defendant was not engaged in an unlawful activity and was attacked in any place where [he] had a right to be, [he] had no duty to retreat and had the right to stand [his] ground and meet force with force, including deadly force, if [he] reasonably believed that it was necessary to do so to prevent death or great bodily harm to [himself] or to prevent the commission of a forcible felony.
 

 See
 
 Fla. Std. Jury Instr. (Crim.) 3.6(f).
 

 Defense counsel did not object to the use of the outdated jury instruction. Generally, a defendant must raise a contemporaneous objection to the jury instructions to preserve an issue for appellate review.
 
 See State v. Delva,
 
 575 So.2d 648, 644 (Fla.1991). If the defendant fails to object at trial, then the defendant may raise the issue on appeal only if fundamental error occurred.
 
 Id.
 
 The Fourth Dis
 
 *434
 
 trict has found fundamental error under these circumstances in a similar case.
 
 See Williams v. State,
 
 982 So.2d 1190, 1194 (Fla. 4th DCA 2008).
 

 The Defendant’s sole defense at trial was that he acted in self-defense. According to him, he was in a public park with a group of acquaintances when Mr. Russell initiated the attack against him. If the jury accepted his version of the facts, the Defendant may not have had a legal duty to retreat before using deadly force. The outdated jury instructions effectively negated his defense.
 

 We agree with the Fourth District that this error rises to the level of fundamental error.
 
 See, e.g., Carter v. State,
 
 469 So.2d 194, 196 (Fla. 2d DCA 1985) (“[Wjhere, as here, a trial judge gives an instruction that is an incorrect statement of the law and necessarily misleading to the jury, and the effect of that instruction is to negate the defendant’s only defense, it is fundamental error and highly prejudicial to the defendant.”). Accordingly, we reverse and remand for a new trial.
 

 Because the improper jury instruction warrants reversal, we need not resolve the Defendant’s remaining claim that the trial court improperly allowed jurors to ask questions during trial. However, we note that under Florida Rule of Criminal Procedure 3.371, it is within the trial court’s discretion to allow jurors to ask questions during trial. We caution the trial court, however, to follow all of the procedures outlined in rule 3.371 if it exercises its discretion to allow such questions during a criminal jury trial.
 

 Reversed and remanded.
 

 VILLANTI and WALLACE, JJ., Concur.