DAMOORGIAN, J.
 

 Defendant, Kirk Brown, who was
 
 pro se
 
 at trial, appeals his judgment and sentence for driving while license revoked-habitual offender and leaving the scene of an accident-causing property damage, raising one issue for our consideration. We affirm defendant’s judgment and sentence.
 

 By way of background, defendant rear-ended a vehicle which had suddenly braked to avoid an accident. The occupants of the forward vehicle exited the vehicle, whereupon defendant, who was accompanied by two female passengers, fled the scene. Defendant was eventually caught and held by several of the occupants in the vehicle he hit until the police arrived. Defendant told the police that his girlfriend was driving his vehicle because his license was suspended. Defendant’s girlfriend initially stated that she was the driver; however, she later admitted that defendant was the driver. Upon checking defendant’s records, the police confirmed that defendant’s license was suspended and that he was a habitual traffic offender. Defendant was charged with driving while license revoked-habitual offender and leaving the scene of the accident-causing property damage.
 

 At trial, defendant maintained that his girlfriend was driving his vehicle at the time of the accident and elected to testify on his own behalf. The trial court conducted a thorough and proper examination and found that defendant knowingly and voluntarily waived his right to remain silent. Outside the presence of the jury, the State requested that defendant be required to proffer his testimony to the court. Although not articulated by the State, we presume that it was to ensure that defendant, who was representing himself, would not say something that might jeopardize the integrity of the trial. The trial court granted the State’s request, adding that the State would be required to proffer its cross-examination with defendant providing his responses. Defendant did not object to the trial court’s ruling or its instructions. In his proffer, defendant testified, among other things, that his girlfriend was driving the SUV on the date in question and that he sustained injuries from the individuals while they were restraining him.
 

 
 *749
 
 The trial proceeded, and in the presence of the jury, defendant again testified that he was not the driver of the SUV and that he was injured by individuals who chased him down. Ultimately, the jury found defendant guilty, as charged.
 

 Defendant contends that the trial court infringed upon his constitutional rights to self-representation and to remain silent by requiring him to proffer his testimony, and by allowing the State to cross-examine him prior to testifying before the jury.
 

 “Generally, a defendant must raise a contemporaneous objection ... to preserve an issue for appellate review. If the defendant fails to object at trial, then the defendant may raise the issue on appeal only if fundamental error occurred.”
 
 Richards v. State,
 
 39 So.3d 431, 433 (Fla. 2d DCA 2010) (citation omitted);
 
 see also Caraballo v. State,
 
 39 So.3d 1234, 1249 (Fla.2010) (“Fundamental error is that which ‘reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.’ ” (quoting
 
 Brooks v. State,
 
 762 So.2d 879, 899 (Fla.2000))).
 

 In this case, defendant did not object to the State’s request that he proffer his testimony or to the trial court’s actions. Therefore, defendant’s argument is not preserved for review, and he must demonstrate that the trial court committed fundamental error.
 
 See Richards,
 
 39 So.3d at 433.
 

 Throughout the trial, defendant experienced difficulty in understanding substantive and procedural matters, particularly during voir dire and questioning of the State’s witnesses. Although we do not sanction the trial court’s actions, a trial court has wide discretion in regulating the conduct of trials so that the administration of justice may be fairly achieved in an orderly manner.
 
 [1]
 

 See Hahn v. State,
 
 58 So.2d 188, 191 (Fla.1952);
 
 Arbogast v. State,
 
 266 So.2d 161, 162 (Fla. 3d DCA 1972). Defendant was given the appropriate warnings about the consequences of testifying, and knowingly and voluntarily waived his right to remain silent. Defendant cannot now be heard to complain that his Fifth Amendment privilege against self-incrimination was violated when he was required to reveal his testimony and be subject to cross-examination in advance of testifying before the jury.
 
 See Brown v. U.S.,
 
 356 U.S. 148, 155-56, 78 S.Ct. 622, 2 L.Ed.2d 589 (1958);
 
 Jenkins v. Wessel,
 
 780 So.2d 1006, 1008 (Fla. 4th DCA 2001).
 
 [2]
 

 Accordingly, no fundamental error occurred in the trial court’s actions.
 

 Affirmed.
 

 MAY and GERBER, JJ., concur.
 

 [1]
 

 . The trial judge went to great lengths to ensure that the
 
 pro se
 
 defendant in this case received a fair trial. Moreover, we do not question the trial court's motivation in connection with its actions under review.
 

 [2]
 

 .
 
 See McKaskle v. Wiggins,
 
 465 U.S. 168, 174, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984) ("A defendant’s right to self-representation plainly encompasses certain specific rights to have his voice heard. The
 
 pro se
 
 defendant must be allowed to control the organization and content of his own defense, to make motions, to argue points of law, to participate in voir dire, to question witnesses, and to address the court and the jury at appropriate points in the trial.''). Not once did the trial court restrict defendant's proffered or actual testimony, except his use of inappropriate language.