DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**LUIS RIOS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-968

[August 13, 2014]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Joseph George Marx, Judge; L.T. Case No. 10CF009222AMB.

Carey Haughwout, Public Defender, and Gary Lee Caldwell, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.

STEVENSON, J.

Luis Rios ("Defendant") appeals from a final judgment of conviction and sentence. Defendant was found guilty of first degree murder with a firearm and three counts of attempted first degree murder with a firearm. Because the jury instructions given at trial rose to the level of fundamental error, we reverse and remand for a new trial.

*Facts*

On a night in August 2010, Defendant was inside a local bar with some friends. Without any apparent provocation, Defendant and Jose Feliciano started "mean-muggin each other." Witnessing the interaction between the two, Feliciano's nephew, Jesus Cruz, offered to hit Defendant on behalf of Feliciano. After receiving encouragement from Feliciano, Cruz walked up to Defendant and punched him.

After being punched, Defendant exited the bar through the back door, took out a gun and chambered a round. Some of Defendant's friends

walked out of the bar, and attempted to get him into a car. Defendant refused, instead choosing to stand outside the bar. A few minutes later, Feliciano, Cruz, and others exited the bar, whereupon the group encountered Defendant. A verbal altercation ensued, during which members of Feliciano's group allegedly ordered someone to go get a gun. Feliciano and another member of the group yelled at Defendant to put his gun down and to fight one-on-one. Almost simultaneously, Defendant told the group to back away. Shortly thereafter, Defendant shot three men and shot at a fourth man, wounding two and killing Feliciano. Defendant fled the scene and was later arrested.

*Analysis*

At trial, counsel and the trial judge discussed the possibility of giving an instruction on Defendant's right to stand his ground. Focusing on section 776.013(3), a part of Florida's Stand Your Ground law, counsel for the State argued Defendant was not entitled to a Stand Your Ground instruction because Defendant was engaged in "unlawful activity."[1] Defense counsel made a brief argument about whether carrying a concealed firearm should be considered "unlawful activity." However, after the court ruled that Defendant was engaged in "unlawful activity," defense counsel then remarked:

> Okay. And given that ruling, I agree, then, that the instruction would not include the stand-your-ground part, it would be the retreat -- the old justifiable use of deadly force.

Defense counsel made no other objection regarding this issue and did not object when the instruction was read. The pre-2005 duty to retreat instruction was read to the jury:

> The fact that the Defendant was wrongly attacked cannot justify his use of force likely to cause death or great bodily harm if, by retreating, he could have avoided the need to use that force.

---

[1] Section 776.013(3), Florida Statutes (2010), provides:

> (3) A person who is not engaged in an unlawful activity and who is attacked in any other place where he or she has a right to be has no duty to retreat and has the right to stand his or her ground and meet force with force, including deadly force if he or she reasonably believes it is necessary to do so to prevent death or great bodily harm to himself or herself or another or to prevent the commission of a forcible felony.

2

However, if the Defendant was placed in a position of imminent danger of death or great bodily harm, and it would have increased his own danger to retreat, then his use of force likely to cause death or great bodily harm was justifiable.

On appeal, Defendant now argues that the trial court erred in giving this jury instruction and that section 776.012(1), a part of the Stand Your Ground law, was applicable to his situation. However, because these specific arguments were not made below, this error must rise to the level of fundamental error in order for this court to reverse. *See Johnson v. State*, 833 So. 2d 252, 254 (Fla. 4th DCA 2002). To constitute fundamental error, the Florida Supreme Court has noted:

> To justify not imposing the contemporaneous objection rule, "the error must reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error." *Brown* [*v. State*], 124 So. 2d [481,] 484 [(Fla. 1960)]. In other words, "fundamental error occurs only when the omission is pertinent or material to what the jury must consider in order to convict." *Stewart v. State*, 420 So. 2d 862, 863 (Fla. 1982), *cert. denied*, 460 U.S. 1103, 103 S. Ct. 1802, 76 L. Ed. 2d 366 (1983).

*State v. Delva*, 575 So. 2d 643, 644–45 (Fla. 1991). "'Courts must analyze the totality of the record to determine if an errant instruction is fundamental error.'" *Barnett v. State*, 121 So. 3d 643, 647 (Fla. 4th DCA 2013) (quoting *Dempsey v. State*, 72 So. 3d 258, 261 (Fla. 4th DCA 2011), *review denied*, 95 So. 3d 212 (Fla. 2012)). After reviewing the record, we find that the jury instruction given rose to the level of fundamental error because it contained the pre-2005 language about a duty to retreat, which is not necessarily applicable when Florida's Stand Your Ground law applies. *See Little v. State*, 111 So. 3d 214, 220 (Fla. 2d DCA 2013) (noting the Stand Your Ground law "eliminated the common law duty to retreat for persons justifiably using deadly force under either section 776.012(1) or 776.013").

Pursuant to section 776.012(1),[2] Defendant was entitled to the

---

[2] Section 776.012(1), Florida Statutes (2010), provides:

> A person is justified in using force, except deadly force, against another when and to the extent that the person reasonably believes that such conduct is necessary to defend himself or herself or

protection of the Stand Your Ground law. This is true because section 776.012(1), which does not include language on "unlawful activity," is separate from section 776.013(3).[3] *See State v. Wonder*, 128 So. 3d 867, 869 (Fla. 4th DCA 2013) ("The defendant has maintained all along that such a determination was unnecessary because the defense motion relied upon section 776.012 and not 776.013. The exception for a defendant's engagement in 'unlawful activity' does not exist under section 776.012. We agree with the defendant."). Thus, even though Defendant was engaged in unlawful activity at the time of the shootings, the Stand Your Ground law still applies.

With this conclusion in mind, we now address why giving the instruction on a duty to retreat was fundamental error. An instructive case on this issue is *Richards v. State*, 39 So. 3d 431 (Fla. 2d DCA 2010). In *Richards*, the defendant was charged with attempted murder in the second degree after he stabbed a friend. The defendant claimed the stabbing was done in self-defense. Without objection from defense counsel, the trial court instructed the jury using the pre-2005 duty to retreat instructions, even though the incident occurred after 2005. *Id.* at 433. Observing that the duty to retreat was eliminated in 2005, the Second District held the trial court committed fundamental error by giving this instruction. *Id.*; *see also Williams v. State*, 982 So. 2d 1190, 1193–94 (Fla. 4th DCA 2008) (holding it was fundamental error to instruct the jury using the pre-2005 duty to retreat instruction when the incident occurred after the enactment of the current Stand Your Ground law). In particular, the court in *Richards* focused on the fact that self-defense was the defendant's "sole defense at trial." 39 So. 3d at 434. By giving the pre-2005 instruction, the trial court "effectively negated his defense." *Id.*

Similar to *Richards*, the trial court here instructed the jury using the

another against the other's imminent use of unlawful force. However, a person is justified in the use of deadly force and does not have a duty to retreat if:

(1) He or she reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself or herself or another or to prevent the imminent commission of a forcible felony; . . . .

[3] Under the amendment to section 776.012, which went into effect on June 20, 2014, it does not appear Defendant would get the benefit of the Stand Your Ground law. However, because this affirmative defense is substantive in nature, the change in law would not affect Defendant's case. *See Smiley v. State*, 966 So. 2d 330, 335–36 (Fla. 2007).

pre-2005 duty to retreat instructions. This jury instruction, which was not necessary because Defendant did not have a duty to retreat under Florida's Stand Your Ground law, effectively eliminated Defendant's sole affirmative defense. Here, the jury heard testimony, and saw video, of an opportunity Defendant had to retreat minutes before being confronted by Feliciano and his group. The jury was then instructed that Defendant's sole affirmative defense would not be viable if he could have retreated without danger to himself. Finally, during closing arguments, the State mentioned Defendant's opportunity to leave the scene with his friends. Taken together, it is difficult to see how the jury, during its deliberations, would not have considered Defendant's opportunity to leave with his friends. Based on these reasons, giving the pre-2005 duty to retreat instruction was fundamental error. *See Williams*, 982 So. 2d at 1194 ("'[W]here . . . a trial judge gives an instruction that is an incorrect statement of the law and necessarily misleading to the jury, and the effect of that instruction is to negate the defendant's only defense, it is fundamental error and highly prejudicial to the defendant.'") (quoting *Carter v. State*, 469 So. 2d 194, 196 (Fla. 2d DCA 1985)).

Accordingly, we reverse and remand for a new trial. Further, at Defendant's new trial, the portion of the interrogation video pertaining to Feliciano's family life should not be admitted into evidence.

*Reversed and remanded.*

CIKLIN and FORST, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**