# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT
### *July Term 2014*

**JOHN THOMAS DORSEY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D12-3891

[October 8, 2014]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Charles E. Burton, Judge; L.T. Case No. 2012-CF-007863-AXXX-MB.

Carey Haughwout, Public Defender, and Peggy Natale, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melanie Dale Surber, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Thomas Dorsey ("defendant") appeals his conviction and sentence on two counts of manslaughter. Because we find the jury instructions given at trial regarding Florida's "Stand Your Ground" law created fundamental error, we reverse and remand for a new trial.[1]

This is defendant's second appeal. The facts adduced from defendant's second trial are nearly identical to the facts of defendant's first trial, as detailed in this court's prior opinion. In the prior opinion, this court reversed defendant's convictions for second-degree murder because of insufficient evidence and improper jury instructions and remanded for a

---

[1] Defendant also appealed the trial court's refusal to allow him to cross-examine a state witness regarding the witness's knowledge of prior bad acts committed by one of the victims. We find no abuse of discretion in the trial court's ruling and affirm the court's ruling on this issue.

new trial on manslaughter. *Dorsey v. State*, 74 So. 3d 521 (Fla. 4th DCA 2011).

At the close of the second trial and before deliberations, the trial court informed the jury that "whether the Defendant acted in self-defense" was an issue in the case and instructed the jury as follows:

> *Now, if you find the Defendant was engaging in an unlawful activity or was attacked in a place where he did not have the right to be, then you must consider if the Defendant had a duty to retreat.* If the Defendant was placed in a position of imminent danger of death or great bodily harm and it would have increased his own danger to retreat, then his use of force likely to cause death or great bodily harm was justifiable. *Now, a felon in possession of a firearm constitutes unlawful activity.*

(emphasis added). Defendant did not object to the instruction. The jury returned a verdict of guilty as charged.

The state asserts that this court should decline to address the issue under the law of the case doctrine. The doctrine provides that "all questions of law which have been decided by the highest appellate court become the law of the case which, except in extraordinary circumstances, must be followed in subsequent proceedings, both in the lower and the appellate courts." *Brunner Enters., Inc. v. Dep't of Rev.*, 452 So. 2d 550, 552 (Fla. 1984). We find that the doctrine does not apply here, because the question of law raised in this appeal was not "actually presented and considered on [the] former appeal," as required for application of the doctrine. *Fla. Dep't of Transp. v. Juliano*, 801 So. 2d 101, 106 (Fla. 2001) (citation and emphasis omitted).

Defendant argues that the trial court erred by instructing the jury that being a felon in possession of a firearm was "unlawful activity," and that if he was engaged in unlawful activity, the jury had to consider his duty to retreat. Defendant claims that under section 776.012(1), Florida Statutes (2012), he had no duty to retreat even if engaged in an unlawful activity.

Because defendant did not object to the instruction, it "can be raised on appeal only if fundamental error occurred." *State v. Delva*, 575 So. 2d 643, 644 (Fla. 1991). "For jury instructions to constitute fundamental error, the error must reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the

assistance of the alleged error." *Barnett v. State*, 121 So. 3d 643, 646-47 (Fla. 4th DCA 2013) (citation omitted).

Section 776.012, Florida Statutes (2012), provides:

> A person is justified in using force, except deadly force, against another when and to the extent that the person reasonably believes that such conduct is necessary to defend himself or herself or another against the other's imminent use of unlawful force. However, a person is justified in the use of deadly force and does not have a duty to retreat if:
>
> (1) He or she reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself or herself or another or to prevent the imminent commission of a forcible felony . . . .

Section 776.012 does not contain any requirement that the person claiming protection under the statute not be engaged in "unlawful activity,"[2] unlike section 776.013(3), Florida Statutes (2012), which provides:

> A person who is not engaged in an unlawful activity and who is attacked in any other place where he or she has a right to be has no duty to retreat and has the right to stand his or her ground and meet force with force, including deadly force if he or she reasonably believes it is necessary to do so to prevent death or great bodily harm to himself or herself or another or to prevent the commission of a forcible felony.

In *Rios v. State*, 143 So. 3d 1167 (Fla. 4th DCA 2014), the trial court ruled that the defendant, who was carrying a concealed weapon, was engaged in "unlawful activity" and refused to give an instruction on his "right to stand his ground." Instead, the court instructed the jury regarding the defendant's duty to retreat. On appeal, the defendant raised

---

[2] As noted in *Rios v. State*, 143 So. 3d 1167 (Fla. 4th DCA 2014), the recently amended section 776.012, effective June 20, 2014, applies only to "[a] person . . . not engaged in a criminal activity." *Id.* at 1170 n.3 (citing § 776.012, Fla. Stat. (2014)). Thus, defendant would not get the benefit of Stand Your Ground under the amendment. "However, because this affirmative defense is substantive in nature, the change in law would not affect Defendant's case," as he will be entitled to the 2012 version on re-trial. *Id.* (citing *Smiley v. State*, 966 So. 2d 330, 335-36 (Fla. 2007)).

an unpreserved argument that he had no such duty under section 776.012(1) of Florida's Stand Your Ground law. This court reversed upon finding fundamental error, because the defendant "was entitled to the protection of the Stand Your Ground law" under "section 776.012(1), which does not include language on 'unlawful activity,' [and] is separate from section 776.013(3)." *Id.* at 1170. *See also Hill v. State*, 143 So. 3d 981, 985 (Fla. 4th DCA 2014) (holding that a felon in possession of a firearm could still rely upon Stand Your Ground under section 776.012, because that section had "no language precluding the justifiable use of deadly force where the person claiming self-defense is engaged in an unlawful activity" as compared to section 776.013(3)); *State v. Wonder*, 39 Fla. L. Weekly D1695 (Fla. 4th DCA Aug. 13, 2014) (explaining that a person engaged in an unlawful activity "would look to section 776.012(1) to determine whether the use of deadly force was justified"); *Little v. State*, 111 So. 3d 214, 222 (Fla. 2d DCA 2013) (holding that because the defendant "was a felon in illegal possession of a firearm, his use of force did not fall within the protections of section 776.013," but that did not preclude him claiming immunity under section 776.012).

We find that the trial court's instruction to the jury constitutes fundamental error. As in *Rios*, the instruction's reference to the defendant's "duty to retreat" was "not necessary because Defendant did not have a duty to retreat under Florida's Stand Your Ground law," and it "effectively eliminated Defendant's sole affirmative defense." 143 So. 3d at 1170; *see also Richards v. State*, 39 So. 3d 431, 434 (Fla. 2d DCA 2010) (finding that jury instructions referencing a "duty to retreat" rose "to the level of fundamental error" where the defendant's "sole defense at trial was that he acted in self-defense" thereby entitling him to a Stand Your Ground defense).

Accordingly, we reverse and remand for a new trial.

*Reversed and remanded.*

STEVENSON, MAY and LEVINE, JJ., concur.

\*          \*          \*

**Not final until disposition of timely filed motion for rehearing.**

4