NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

TREVOR DOOLEY,                              )
                                           )
             Petitioner,                    )
                                           )
v.                                          )        Case No. 2D16-29
                                           )
STATE OF FLORIDA,                           )
                                           )
             Respondent.                    )
                                           )
_____   )

Opinion filed April 22, 2016.

Petition Alleging Ineffective Assistance
of Appellate Counsel.  Hillsborough County;
Ashley B. Moody, Judge.

William R. Ponall of Ponall Law, Maitland,
for Petitioner.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Brandon R. Christian,
Assistant Attorney General, Tampa, for
Respondent.


PER CURIAM.

        A jury convicted Trevor Dooley as charged of manslaughter with a

weapon, improper exhibition of a dangerous weapon or firearm, and open carrying of a

weapon, and this court affirmed his convictions on direct appeal.  See Dooley v. State,

151 So. 3d 1243 (Fla. 2d DCA 2014) (table decision).  Subsequently, Dooley filed a

petition pursuant to Florida Rule of Appellate Procedure 9.141(d), arguing that his appellate counsel was ineffective for failing to argue on direct appeal that the jury instruction on justifiable use of deadly force was fundamentally erroneous. The State correctly concedes that appellate counsel rendered ineffective assistance when he failed to raise this issue on appeal. See Downs v. Moore, 801 So. 2d 906, 910 (Fla. 2001) (stating that appellate counsel can be deemed ineffective for failing to raise an issue on appeal that presents a question of fundamental error). We grant Dooley's petition.

At trial, Dooley testified that he intentionally shot the victim in self-defense. Thus, the trial court instructed the jury on justifiable use of deadly force.[1] The instruction contained the following language:

> If the defendant was not engaged in an unlawful activity and was attacked in any place where he had a right to be, he had no duty to retreat and had the right to stand his ground and meet force with force, including deadly force. . . . Although as previously explained, if the defendant was not engaged in an unlawful activity and was attacked in any place where he had a right to be, he had no duty to retreat.

The State relied on this language in arguing to the jury that Dooley was not entitled to stand your ground immunity in part because when he showed the victim his gun, he committed the crime of unlawful exhibition of a weapon.

---

[1]In 2005, the Florida Legislature substantially amended the affirmative defense of justifiable use of force by abrogating the common law duty to retreat before resorting to deadly force and by enacting section 776.032, which grants immunity from criminal prosecution and civil action to those who use force justifiably in self-defense. Section 776.032 was amended effective June 17, 2014, to provide immunity to those who use or threaten to use force as permitted in sections 776.012, 776.013, or 776.031. Ch. 2014-195, § 6, at 2594-95, Laws of Fla. Collectively, the amendments are called the Stand Your Ground Law.

Dooley contends that the instruction and the State's argument were erroneous because at the time of the offense in 2010 and at the time of trial in 2012, sections 776.032(1) and 776.012, Florida Statutes (2010), did not condition stand your ground immunity on whether the defendant was engaged in unlawful activity. Moreover, on April 10, 2013, months before appellate counsel filed the initial brief on December 16, 2013, this court held that sections 776.032(1) and 776.012(1) permit a person engaged in unlawful activity to claim stand your ground immunity. Little v. State, 111 So. 3d 214, 221-22 (Fla. 2d DCA 2013) (holding that Little's status as a felon in illegal possession of a firearm did not preclude his claim of immunity under section 776.012(1)).[2] Dooley argues that the erroneous instruction negated his defense and if this issue had been brought to this court's attention, the result of his appeal would have been different.

The State concedes that Dooley's appellate counsel was ineffective, noting that Dooley was entitled to an accurate instruction regarding his sole defense and that the prosecutor's reliance on the erroneous instruction exacerbated the error in the instruction. See Rios, 143 So. 3d at 1171 (stating that the prosecutor's reliance on an improper instruction during closing argument supported the conclusion that the instruction constituted fundamental error). We agree with Dooley's argument and the State's concession of error, and we grant Dooley's petition. Because a new appeal

---

[2]In addition, before this court affirmed Dooley's direct appeal, the Fourth District relied on Little in holding that jury instructions were fundamentally erroneous. Dorsey v. State, 149 So. 3d 144, 147 (Fla. 4th DCA 2014); Rios v. State, 143 So. 3d 1167, 1170 (Fla. 4th DCA 2014).

- 3 -

would be redundant in this case, we reverse Dooley's manslaughter conviction, vacate his sentence for the offense, and remand for a new trial.

Petition granted.

KELLY, LaROSE, and LUCAS, JJ., Concur.