DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DANIEL MEDINA,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-358

[September 5, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Lisa M. Porter, Judge; L.T. Case No. 13011308CF10A.

Carey Haughwout, Public Defender, and Peggy Natale, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Anesha Worthy, Assistant Attorney General, West Palm Beach, for appellee.

FORST, J.

Appellant, Daniel Medina, appeals his conviction and life sentence for the first-degree premediated murder of Alphonso Grier. Appellant argues that he is entitled to a new trial based on an erroneous Stand Your Ground jury instruction, and the improper admission of certain statements he made at a pre-trial hearing. We disagree, and affirm as to both issues.

**Background**

Four eyewitnesses testified for the prosecution at trial. All of the witnesses saw Appellant drive by the victim's house several times in his truck before Appellant sped towards the victim in an apparent attempt to hit him. The victim had a metal bar in his hand and threw it at Appellant's vehicle as he jumped out of the way. The bar struck and damaged Appellant's windshield. Appellant got out of his truck with a gun, shot the victim, and then drove off.

According to the witnesses, when Appellant stopped his truck, the victim did not approach him, move toward his truck, or charge him. The

witnesses also said the victim was unarmed and did not have anything in his hands when Appellant shot him. Police did not find any glass from Appellant's windshield inside his vehicle.

Appellant recounted the events differently, changing his story several times. During his initial police interview, he denied shooting the victim or even having a gun. Later, at a competency examination, Appellant claimed to have hallucinations and no recollection of the shooting. Appellant told a third version of the events at his Stand Your Ground immunity hearing. He testified that the victim jumped "out of nowhere" and threw an object at him, shattering his windshield. Appellant said that "[g]lass went in [his] face and in [his] eyes" and he "could no longer drive away," so he stopped the truck and opened the door to clean his face off. At that time, the victim and two of the victim's friends approached him with weapons in hand. Thinking the victim was going to kill him, Appellant grabbed a gun out of the glove compartment. The victim and his friends were about twenty feet away from Appellant when he started shooting.[1] Initially, Appellant said he shot at the victim, but later said he was not aiming at anyone; he "was just trying to scare them."

From October 2005 until June 2014 (the offense occurred in 2013), two different provisions of the Stand Your Ground law permitted a defendant to use deadly force without retreating, under certain circumstances. Section 776.013(3), Florida Statutes (2013) permitted the use of deadly force to prevent death or great bodily harm, so long as the defender was not engaged in unlawful activity. Section 776.012(1), Florida Statutes (2013) lacked the unlawful activity element, but required that the threat be imminent.[2]

The jury instruction here tracked both sections:

> The use of deadly force is justifiable only if Daniel Alfonso Medina reasonably believed that the force was necessary to prevent *imminent* death or great bodily harm to himself . . . .
>
> . . .
>
> *If the defendant was not engaged in unlawful activity* and was attacked in any place where he had a right to be, he had no

---

[1] Shell casings were found 187 feet away from the victim's bloodstains found in the roadway.

[2] Section 776.012 has since been amended to require that a shooter not be engaged in criminal activity. *See* § 776.012, Fla. Stat. (amended 2014).

2

duty to retreat and had the right to stand his ground and meet force with force, including deadly force, if he reasonably believed that it was necessary to do so to prevent death or great bodily harm to himself or to prevent the commission of a forcible felony.

(Emphases added). Appellant did not object to the instruction. On appeal he argues the instruction was erroneous because the law in effect at the time of the shooting did not require him not to be engaged in an unlawful activity. Appellant also argues the trial court erred in admitting testimony from the pre-trial Stand Your Ground immunity hearing in which Appellant admitted that he lied to doctors during his competency evaluation.

**Analysis**

With respect to the first issue, the State agrees that the jury instruction was improper because the law in effect at that time of the offense did not impose a duty to retreat before using deadly force, even if the defendant was engaged in an unlawful activity at the time. *See* § 776.012(1), Fla. Stat. (2013); *see also Little v. State*, 111 So. 3d 214, 221 (Fla. 2d DCA 2013) (noting that a defendant engaged in unlawful activity could seek Stand Your Ground immunity under section 776.012 even though the unlawful activity would preclude immunity under section 776.013).

However, because Appellant did not object to the jury instruction, it "can be raised on appeal only if fundamental error occurred." *State v. Delva*, 575 So. 2d 643, 644 (Fla. 1991); *accord Dorsey v. State*, 149 So. 3d 144, 146 (Fla. 4th DCA 2014). "For jury instructions to constitute fundamental error, the error must reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error." *Barnett v. State*, 121 So. 3d 643, 646-47 (Fla. 4th DCA 2013) (citation omitted).

"[W]here . . . a trial judge gives an instruction that is an incorrect statement of the law and necessarily misleading to the jury, and the effect of that instruction is to negate the defendant's only defense, it is fundamental error and highly prejudicial to the defendant." *Rios v. State*, 143 So. 3d 1167, 1171 (Fla. 4th DCA 2014) (alterations in original) (quoting *Williams v. State*, 982 So. 2d 1190, 1194 (Fla. 4th DCA 2008)). We have previously found the existence of fundamental error where the defendant's sole defense at trial was that he acted in self-defense, and incorrect jury instructions on the duty to retreat effectively negated that defense. *Dorsey*, 149 So. 3d at 147.

3

In the instant case, Appellant maintains that his "sole defense" was that he had no duty to retreat at all if he reasonably believed such force was necessary to prevent imminent death or great bodily harm. He contends that the jury instructions, which included the reference to "engaged in unlawful activity," could have led the jury to conclude that he had engaged in unlawful activity when he attempted to run over the victim, and thus, he was required to retreat. As a result, Appellant argues "his sole defense of self-defense" was negated.

In making this argument, Appellant relies on cases in which the defendant was incontrovertibly engaged in unlawful activity at the time of using deadly force, and the jury was put on notice of this unlawful activity. *See Dorsey*, 149 So. 3d at 145 (trial court instructed jury to consider whether defendant had a duty to retreat if he "was engaging in an unlawful activity or was attacked in a place where he did not have the right to be," and then specifically instructed that "a felon in possession of a firearm constitutes unlawful activity."). *See also Andujar-Ruiz v. State*, 205 So. 3d 803, 807 (Fla. 2d DCA 2016) ("State elicited testimony that Andujar-Ruiz was illegally possessing a firearm at the time of the offense and that he had a prior conviction for felon in possession of a firearm. Because this evidence made clear that Andujar-Ruiz was unlawfully possessing a firearm at the time of the alleged offense, the trial court's instruction that he had a duty to retreat if he was engaged in unlawful activity still had the effect of negating Andujar-Ruiz's self-defense claim."); *Rios v. State*, 143 So. 3d 1167, 1169 (Fla. 4th DCA 2014) (trial court ruled that the defendant was engaged in unlawful activity by carrying a concealed firearm when he shot the victims).

In contrast, here the jury instruction did not negate Appellant's sole defense because he was not engaged in unlawful activity and was in a place where he had a right to be when he used deadly force. As defense counsel repeatedly emphasized during the trial, Appellant was on a public road where he had a right to be when he stopped his truck and got out. And, as the defense also emphasized, it was not unlawful for Appellant to possess a firearm. The State did not contest these assertions and, in fact, never argued, during the trial or in the jury instructions, that Appellant was engaged in unlawful activity at the time of the shooting. Therefore, unlike in the cases he cites, Appellant was not deprived of his sole defense.

We also reject Appellant's second claim of error, regarding the admission of testimony from the pre-trial Stand Your Ground immunity hearing in which Appellant admitted he lied to doctors during his competency exam when he said he had hallucinations. "We review

4

evidentiary rulings under the standard of abuse of discretion, which is limited by the rules of evidence." *Martinez v. State*, 125 So. 3d 985, 988 (Fla. 4th DCA 2013).

Appellant admitted to lying to police during his initial interview (because he was scared) as well as "intentionally lying" to doctors during a competency evaluation (he believed the doctors would help him). Appellant argues these admissions had no relevance to any issues at trial and were "extremely prejudicial" to his defense. We disagree. Appellant's acknowledgment of "intentionally lying" showed his consciousness of guilt and evinced an attempt to defeat or avoid prosecution. "Evidence of a defendant's acts or statements calculated to defeat or avoid his prosecution is admissible against him as showing consciousness of guilt." *Brown v. State*, 391 So. 2d 729, 730 (Fla. 3d DCA 1980).

Furthermore, Appellant's admissions were relevant to the jury's assessment of his credibility. Appellant gave an admittedly false statement to police in which he denied shooting the victim, denied having a gun during the incident, and denied even owning a gun. He then gave an admittedly false statement to doctors in which he claimed he was hallucinating. Despite these false statements, he wanted the jury to believe the testimony he gave during the Stand Your Ground immunity hearing. His credibility was therefore critical.

## Conclusion

Appellant was given a full opportunity to assert his theory of self-defense at trial, and his argument that the jury instructions nullified his sole defense is belied by the fact that the State never indicated that Appellant was engaged in "unlawful activity" at the time of the shooting (outside of the shooting itself). Accordingly, Appellant has failed to demonstrate fundamental error necessitating a new trial. Nor has Appellant established an abuse of discretion concerning the admission of his statements at the competency evaluation and subsequent admission of "intentionally lying." These statements were admissible to show consciousness of guilt and probative of credibility. Finding no reversible error, the judgment and sentence are affirmed.

*Affirmed.*

TAYLOR and LEVINE JJ., concur.

\* \* \*

5

*Not final until disposition of timely filed motion for rehearing.*