NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ELTON BOLDUC, DOC #134739,       )
                                 )
        Appellant,               )
                                 )
v.                               )        Case No. 2D18-2734
                                 )
STATE OF FLORIDA,                )
                                 )
        Appellee.                )
_____)

Opinion filed September 4, 2019.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Pinellas County; Nancy Moate Ley, Judge.

Elton Bolduc, pro se.


SALARIO, Judge.

        Elton Bolduc appeals from a final order summarily denying his motion for

postconviction relief under Florida Rule of Criminal Procedure 3.850.  Although his

motion alleged seven claims, we write to address only one.  Claim six—a claim of

ineffective assistance of counsel based on a failure to object to a legally inaccurate self-

defense instruction—is facially sufficient and not conclusively refuted by the record

attached to the postconviction court's order.  We reverse the summary denial of that

claim and affirm the remainder of the order without further comment.

A jury found Mr. Bolduc guilty of two counts of attempted second-degree murder based on an incident that occurred in a hotel room in Clearwater in which Mr. Bolduc stabbed Arianne Johnson and Larry Burchette. Mr. Bolduc and the two victims were staying at the hotel after having traveled together from Tennessee to Florida. According to Mr. Bolduc, "drugs and alcohol were prevalent" during the trip.

On their second night in Florida, there was a confrontation over money. Mr. Bolduc ended up stabbing Ms. Johnson and Mr. Burchette with a knife. The parties involved disagreed about who was the aggressor. The victims' story—and the State's theory at trial—was that Mr. Bolduc attacked Mr. Burchette, Ms. Johnson tried to intervene, and Mr. Bolduc stabbed both in the ensuing scuffle. Mr. Bolduc defended on the theory that he stabbed Mr. Burchette and Ms. Johnson in self-defense after he was attacked, unprovoked, during an argument about some missing money.

This court affirmed Mr. Bolduc's judgment and sentences on direct appeal. See Bolduc v. State, 205 So. 3d 597 (Fla. 2d DCA 2016) (table decision).[1] Mr. Bolduc subsequently filed a rule 3.850 motion in which he raised four claims of ineffective assistance of counsel and one Brady[2] claim. He later amended that motion, adding additional claims of ineffective assistance of counsel and cumulative error. The postconviction court then rendered the order leading to this appeal.

We review a postconviction court's summary denial of a claim raised in a rule 3.850 motion de novo. Martin v. State, 205 So. 3d 811, 812 (Fla. 2d DCA 2016). In

---

[1]In addition, this court recently denied a petition alleging ineffective assistance of appellate counsel related to this appeal. Bolduc v. State, No. 2D18-4839 (Fla. 2d DCA June 19, 2019).

[2]Brady v. Maryland, 373 U.S. 83 (1963).

conducting that review, we accept the factual allegations of the defendant's motion as true unless they are conclusively refuted by the record, the relevant portions of which must be attached to the postconviction court's order. See Fla. R. Crim. P. 3.850(f)(5); Peede v. State, 748 So. 2d 253, 257 (Fla. 1999). Thus, we will affirm the postconviction court's summary denial of a postconviction claim only if the claim is facially insufficient or conclusively refuted by the record. See Watson v. State, 34 So. 3d 806, 808 (Fla. 2d DCA 2010) (citing Griggs v. State, 995 So. 2d 994, 995 (Fla. 1st DCA 2008)).

In claim six of his motion for postconviction relief, Mr. Bolduc alleged that his trial counsel was ineffective for failing to object to an erroneous jury instruction on the issue of self-defense. A claim of ineffective assistance of counsel requires a defendant to establish that his counsel's performance was deficient and that he was prejudiced as a result. See Bell v. State, 965 So. 2d 48, 56 (Fla. 2007) (citing Strickland v. Washington, 466 U.S. 668 (1984)). "An attorney's performance is deficient when it falls below an objective standard of reasonableness under prevailing professional norms." Id. And prejudice exists when the defendant shows "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

Mr. Bolduc's self-defense theory was based on section 776.012(1), Florida Statutes (2011), governing use of force in defense of the person, which provides that a person is justified in using deadly force and has no duty to retreat if he reasonably believed such force was necessary to prevent imminent death or great bodily harm or the imminent commission of a forcible felony. Prior to 2014, the statute did not require that the person using deadly force not have been engaged in unlawful activity when such force was used. See § 776.012, Fla. Stat. (2014). Put differently, as far as the

text of section 776.012(1) as it existed was concerned, a person could be engaged in unlawful activity but still legally claim that his or her use of deadly force was justified so long as the use of such force was reasonably believed to have been necessary to prevent imminent death or great bodily harm or the imminent commission of a forcible felony.

Although section 776.012(1) did not, in 2011, require that the defendant not be engaged in unlawful activity, section 776.013(3), a subsection governing the use of force outside the home, did contain such a requirement. This created some confusion over whether section 776.013(3) expressed or implied a requirement that a defendant claiming self-defense under section 776.012(1) not have been engaged in unlawful activity at the time of the use of deadly force. See, e.g., Dorsey v. State, 149 So. 3d 144, 146-47 (Fla. 4th DCA 2014); Rios v. State, 143 So. 3d 1167, 1170-71 (Fla. 4th DCA 2014). Our court resolved that question in 2013 in Little v. State, 111 So. 3d 214, 218-22 (Fla. 2d DCA 2013), in which we held conclusively that it did not.

On June 20, 2014, the last day of Mr. Bolduc's trial, an amended version of section 776.012 went into effect. This new version of the statute restricted the availability of the defense of justifiable use of deadly force to when the defendant is "not engaged in a criminal activity" and is "in a place where he or she ha[d] a right to be." § 776.012(2), Fla. Stat. (2014). The amended statute did not apply to Mr. Bolduc's offenses, however, because it represented a substantive change in the law. See Dooley v. State, 268 So. 3d 880, 888 n.6 (Fla. 2d DCA 2019) (citing Dorsey, 149 So. 3d at 146 n.2; Rios, 143 So. 3d at 1170 n.3); see also Collins v. Youngblood, 497 U.S. 37, 49 (1990) ("A law that abolishes an affirmative defense of justification . . . expands the scope of a criminal prohibition after the act is done."). Although Mr. Bolduc was entitled

- 4 -

to the justifiable use of deadly force defense as defined by the pre-2014 iteration of the statute, which contains no such requirement, the trial court instructed the jury that the defense was available "if [he] was not engaged in illegal activity." Mr. Bolduc's trial counsel had the opportunity to object to this instruction but did not.

The postconviction court held that Mr. Bolduc's trial counsel "had a legal basis to object to the portion of the instruction indicating that the defendant did not have a duty to retreat." Indeed, our decision in <u>Little</u> that a defendant claiming self-defense under section 776.012(1) was not subject to a requirement that he or she not have been engaged in unlawful activity had been on the books for over a year when Mr. Bolduc's case was submitted to the jury.[3] The instruction was plainly wrong, and in view of our controlling decision in <u>Little</u>, Mr. Bolduc has raised a facially sufficient claim that his trial counsel performed deficiently by failing to object.[4] See <u>Adams v. State</u>, 727 So. 2d 997,

---

[3]<u>Little</u> dealt with the words "unlawful activity" in section 776.013(3), while the amended version of section 776.012(1) uses the words "criminal activity," but we do not see a material difference in these expressions, at least as applicable to this case.

[4]Although the postconviction court did not address the question in its order, to the extent that Mr. Bolduc's claim is based solely on counsel's failure to object to the reading of a standard jury instruction, the claim may be dead on arrival under existing law concerning whether such a failure could ever constitute deficient performance. See <u>Thompson v. State</u>, 759 So. 2d 650, 665 (Fla. 2000) ("[W]e have previously stated that trial counsel's failure to object to standard jury instructions that have not been invalidated by this court does not render counsel's performance deficient."). But see <u>Facin v. State</u>, 188 So. 3d 859, 862-63 (Fla. 1st DCA 2015) (stating that a defendant could raise a claim for ineffective assistance of trial counsel based on trial counsel's waiver of objections to a fundamentally erroneous standard jury instruction). Our limited postconviction record does not, however, tell us enough about the circumstances that led to this instruction being read for us to say that the record conclusively refutes the claim on this legal basis, and we are disinclined to reach the issue here without the benefit of a fuller record and an adversarial presentation. We leave it for the parties and the postconviction court to address the problem, if necessary, in the first instance on remand. We express no opinion about it or about whether Mr. Bolduc could amend his claim to allege something other than a mere failure to object to the reading of a standard instruction, if that is in fact all the record bears out.

999 (Fla. 2d DCA 1999) ("We conclude that ignorance of the law on an issue that was pertinent to the overall presentation of Adams' defense meets the first prong of Strickland."); cf. Andujar-Ruiz v. State, 205 So. 3d 803, 806 (Fla. 2d DCA 2016) (holding that appellate counsel performed deficiently by failing to challenge inaccurate instruction based on 2014 amendments to section 776.012(1) when the earlier version of the statute applied and the error was fundamental).

Turning to the prejudice prong, the record attached to the postconviction court's order shows that Mr. Bolduc's trial strategy was to offer the jury his version of the events—that he was the victim of an unprovoked attack and that he feared he would be killed or wounded as a result. And had Mr. Bolduc's counsel objected to the self-defense instruction, the trial court would have, in light of our decision in Little, been required to correct it. The postconviction court reasoned that the record conclusively refutes Mr. Bolduc's prejudice allegations, however, because "[Mr. Bolduc's] version of events was that he was not involved in any activity that might be construed as criminal," and thus "to find that [he] acted in self-defense, the jury would had to have believed [his] version of events wherein he adamantly denied participating in any criminal activity at the time of the confrontation."

But the jury need not have believed every part of Mr. Bolduc's story in order to conclude that his use of force was justified under section 776.012(1) as it existed prior to 2014. Based on the allegations of Mr. Bolduc's motion and the limited record attached to the postconviction court's order, it is entirely possible that the jury believed that Mr. Burchette and Ms. Johnson were the aggressors and that Mr. Bolduc reasonably feared imminent death or great bodily harm but that it still disbelieved Mr. Bolduc's claim that he was involved in no criminal activity. Under those circumstances,

the jury, having been instructed that a finding that Mr. Bolduc was engaged in unlawful activity meant that a self-defense defense was not available to Mr. Bolduc, would almost certainly find him guilty. By contrast, a jury correctly instructed on the justifiable use of deadly force under section 776.012(1), and which made the same factual findings, would be likely to acquit. Thus, there is, at least at the summary stage of this postconviction proceeding, a reasonable probability that the erroneous instruction made the difference between a verdict of guilty and not guilty. See, e.g., Berdecia v. State, 971 So. 2d 846, 851 (Fla. 3d DCA 2007) (finding Strickland prejudice on the face of a direct appeal record where an erroneous "and/or" instruction permitted a jury to convict the defendant of manslaughter even if it believed that the defendant did not kill the victim); cf. Ajpop v. State, 8 So. 3d 506, 506 (Fla. 4th DCA 2009) (reversing summary denial of postconviction motion where "we are unable to assess the significance, if any, of an error in the jury instruction on self defense").

Because Mr. Bolduc raised a facially sufficient claim of ineffective assistance of counsel that is not conclusively refuted by the record, we reverse and remand for the postconviction court either to prepare an order attaching portions of the record that conclusively refute claim six or, alternatively, to hold an evidentiary hearing on that claim. See Perez v. State, 43 Fla. L. Weekly D2192 (Fla. 2d DCA Sept. 21, 2018); Ajpop, 8 So. 3d at 506.

Affirmed in part; reversed in part; remanded.

MORRIS and BADALAMENTI, JJ., Concur.